GAULT, APPELLANT, *v.* GAULT, APPELLEE.
[Cite as Gault v. Gault, 20 Ohio App. 2d 57.]

(No. 6317—Decided October 15, 1969.)

*Mr. Edward N. Heiser,* for appellant.
*Mr. Herman L. Arenson,* for appellee.

HUNSICKER, P. J. An appeal on questions of law is lodged in this court from a judgment of the Court of Common Pleas, Division of Domestic Relations.

Vivian C. Gault, the appellee, obtained, on March 9, 1965, from Gale E. Gault, the appellant, a divorce and custody of the minor child of the parties. At that time, Gale E. Gault was a member of the armed services of the United States, serving outside the continental boundaries of the United States. The order for support of the minor child said:

" * * * It is hereby further ordered that until further order of the court the plaintiff shall take the necessary steps to authorize an allotment from the United States Army for said dependent minor child. The amount to be

paid by the plaintiff to the defendant for the support of said minor child after the plaintiff is not longer a member of the United States Armed Forces is hereby postponed for determination at that time * * *.''

An allotment was made for child support, which was paid until such time as Gale E. Gault received Army promotion to a grade that precluded an allotment of support for a minor child. Some payments were then made by Gale E. Gault directly to Vivian C. Gault (now Vivian C. Gosen), who, not being satisfied therewith, filed her motion in the Division of Domestic Relations for a modification of the order set out above. In that motion, filed June 26, 1968, a request was made that the court fix a ''dollar amount that the plaintiff [Gale E. Gault] should pay the defendant [Vivian C. Gault] for the support of the minor child of the parties hereto, Roger David Gault, now 4 years of age.''

The rules of the Court of Common Pleas, Division of Domestic Relations, provide that applications for modification of orders for support be heard before a referee appointed by the court for that purpose. A referee did hear the within designated application, and, on July 16, 1968, filed his finding, recommending that ''effective the month of August, 1968, and each month thereafter,'' Gale E. Gault pay, through the clerk of courts, $80 per month to Vivian C. Gault for the support of his child. Gale E. Gault, pursuant to the rules, then requested that one of the Judges of the Division of Domestic Relations review the findings and recommendation of the referee. This request was made by motion filed July 19, 1968.

Thereafter, on February 6, 1969, the court filed its finding, reducing the payment to $60 per month. A journal entry on that finding was filed on February 13, 1969, in which entry it was ordered ''effective as of August 1, 1968, that the plaintiff [Gale E. Gault] pay the sum of $60.00 per month plus poundage through the Clerk's office of Summit County, Ohio, for the support of Roger Gault, born October 19, 1963.''

It is from this order that the appeal is taken, and the errors claimed are:

"1. The judgment modification of the original divorce decree, making the same retroactive, is contrary to law.

"2. The court has no authority to make a retroactive final order."

The authority for the appointment of a referee, in such matters as we have herein, is found in Section 2315.27, Revised Code, as amended effective December 1, 1967.

Section 2315.31, Revised Code, says:

"Referees must state the facts found, and conclusions of law, separately. Their decision must be given, and may be excepted to and reviewed, as in a trial by the court. Their report upon the whole issue shall stand as the decision of the court, and judgment may be entered thereon as if the court had tried the action."

The rules of the Domestic Relations Division provide that there may be a review of the referee's decision, but a judgment may be entered on the order of the referee, as provided in Section 2315.31, Revised Code, *supra*. No judgment was entered on that order, and the motion for review by the trial court delayed matters for several months, at which time a retroactive order was made.

What, then, was the status of the finding of the referee, and what power does the court have to make a retroactive order of support?

Obviously, by the last sentence of Section 2315.31, Revised Code, the finding of the referee was not an order of the court until the trial judge approved the recommendation of his hearing officer, the referee. There was no way to enforce the order until it was journalized. We use the term "order" herein, in place of "judgment," since, under Section 2323.01, Revised Code, a judgment is "the final determination of the rights of the parties," and an order is "a direction of a court or judge, made or entered in writing."

When did the act of the referee become a judicial act upon which action could be taken?

The rendition of a judgment is a judicial act; the recording of that act by means of a journal entry is purely ministerial. The rendition must precede the entry. The

referee is the representative of the court and a creature of the statutes of Ohio. His obligation is to submit a full report on the matter of reference. The rule of the Division of Domestic Relations, under which this reference was made, specifically provides for a review by the court when requested.

There is very little, if any, authority available on the subject of reference or referees, and, although it was recognized at common law (*Heckers* v. *Fowler*, 69 U. S. 123, 17 L. Ed. 759; *Yates* v. *Russell*, 17 Johns. 461, 6 N. Y. Common Law Rep. 460), the consent reference in that day, and the compulsory reference of today's divorce courts, have not produced the volume of litigation that civil and criminal cases have. Submitting matters to a referee is subject to statutory authority; such statutes are found in Sections 2315.26 to 2315.37, inclusive, Revised Code.

In the case of *Mennel Milling Co.* v. *Slosser*, 140 Ohio St. 445, the court said (first paragraph of the syllabus):

"Under the provisions of Section 11479, General Code [now Section 2315.31, Revised Code], a court is required to consider exceptions and motions duly filed with it for the purpose of objecting to the report of a referee appointed by it."

In the above *Mennel case,* the Supreme Court commented on several earlier Ohio Supreme Court cases, which indicate that the finding of the facts is like the special verdict of a jury, and the conclusion of law is like the law decision of the trial court; and, if not set aside, a judgment follows as a matter of course. See: *Lawson* v. *Bissell,* 7 Ohio St. 130.

Applying that reasoning to the instant case, the court decided the matter when the referee submitted his report; it was, as the statute (Section 2315.31, Revised Code) said, "the decision of the court * * *," subject, under the rules and the reported cases, to be reviewed by the trial judge, who had power to affirm, modify or reverse the action of the referee; the same power a Court of Appeals has with an appeal on questions of law.

In the instant case, there was a modification of the

"decision of the court * * *" as to the amount of money to be paid to the mother for child support. There was no modification of the time when such order should commence. A request for review of the order of the referee does not destroy the result of the hearing held by the referee. That hearing is, in effect, similar to an appeal wherein the original findings of the referee are not destroyed, but are a "decision of the court" effective from the time they are submitted to the trial court, subject only to be affirmed in toto, modified as to a part, or reversed. Here the finding of the referee was modified only as to a portion, and the portion so modified did not change the effective date of the order.

We have examined all claimed errors and find none prejudicial to the substantial rights of the appellant. The judgment must be affirmed.

*Judgment affirmed.*

DOYLE and BRENNEMAN, JJ., concur.