OPINION
{¶ 1} After his appointed attorney filed an Anders brief, we advised Defendant-Appellant, Weldon Reynolds, of that fact and invited him to file his own brief should he wish to. Reynolds filed his own brief, and the matter is now ripe for review.
 {¶ 2} Reynolds entered a plea of no contest to a charge that, on June 19, 2003, he possessed cocaine in violation of R.C. 2925.11(A). Reynolds was convicted on his plea and sentenced to a six-month term of imprisonment.
 {¶ 3} The indictment charging Reynolds was filed on October 31, 2003. On appeal, Reynolds contends that when he was arrested on the charged offense on June 19, 2003, the detective who arrested him released him, and that the case against him should have been dismissed because he was not "reindicted" within twenty-eight days. More particularly, Reynolds claims that because he told his attorney of that, his attorney was ineffective for failing to ask that the charges against Reynolds be dismissed.
 {¶ 4} The record does not reflect what transpired between Reynolds and his attorney in this regard. Therefore, on the record before us, we cannot find that his attorney failed in any duty of representation he owed Reynolds. Strickland v. Washington (1984), 466 U.S. 68, 104 S.Ct. 2052,80 L.Ed.2d 674. More importantly, however, Reynolds' contention does not portray that he was prejudiced, which is the further showing Strickland
requires in order to demonstrate ineffective assistance of counsel. Id.
 {¶ 5} Mont. Loc.R. 3.07 states, in pertinent part: "Criminal cases bound over to this court on which no final action is taken by the grand jury within twenty-eight (28) days shall be dismissed forthwith and without prejudice." A case is "bound over" when it is sent to the common pleas court by order of a municipal or county court upon a finding of probable cause after a preliminary hearing, pursuant to Crim.R. 5(B)(4)(a).
 {¶ 6} The record contains no bind-over order resulting from a preliminary hearing preceding Reynolds' indictment. Therefore, Mont.Loc.R. 3.07 has no application, and Reynolds' attorney was not ineffective for failing to ask that Reynolds' case be dismissed on that account. Even if the local rule had applied, it would not have barred the indictment filed on October 31, 2003, because any prior dismissal of charges would have been without prejudice.
 {¶ 7} As a final matter, Reynolds' appellate counsel points out that the written Waiver and Plea that he and his attorney signed erroneously indicates that Reynolds entered a plea of guilty when, in fact, he entered a plea of no contest. The transcript of the plea proceeding demonstrates that Reynolds entered a no contest plea. Reynolds was found guilty and convicted on his plea, and subsequently sentenced.
 {¶ 8} We are authorized by App.R. 12(A)(1)(a) to "review and affirm, modify, or reverse the judgment or final order appealed." The trial court's Termination Entry of April 12, 2004, reflecting Reynolds' conviction and sentence, which is the final order from which this appeal was taken, is silent with respect to the form of plea that Reynolds entered. Therefore, there is nothing in that order for us to reverse or modify. Reynolds may make application to the court of common pleas to correct its record to reflect the plea he actually entered.
 {¶ 9} We have conducted our own independent review of the record, and we find no error on which Reynolds' conviction and sentence might be reversed. Therefore, the judgment of the trial court will be affirmed.
Brogan, P.J. and Wolff, J., concur.