The STATE EX REL. AUTO–OWNERS INSURANCE et al., Appellants,

v.

WORTHAM et al., Appellees.

[Cite as *State ex rel. Auto–Owners Ins. Co. v. Wortham,*
176 Ohio App.3d 611, 2008-Ohio-2873.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22540.

Decided June 13, 2008.

Cheryl R. Washington, for appellants.

Danyelle S.T. Wright;  and Michael Murphy, for appellees.

GRADY, Judge.

{¶ 1} This is an appeal from a judgment of the court of common pleas that denied relief requested in a petition for a writ of prohibition.

{¶ 2} On March 12, 2007, the city of Dayton Human Relations Council ("council") filed a complaint on its own docket against Auto Owners Mutual Insurance Company and its local agent and agency ("Auto Owners"). The complaint alleged that on or about March 10, 2005, the respondents discriminated against Magdalene Boyd on account of her race when respondents declined to renew Boyd's policy of homeowners insurance.

{¶ 3} Auto Owners moved to dismiss the complaint, arguing that the council lacked jurisdiction to proceed on the complaint because it was not timely filed. A hearing officer denied the motion.

{¶ 4} Auto Owners next filed a petition in the court of common pleas, seeking a writ of prohibition that would bar the council from proceeding on its complaint. Auto Owners relied on the same jurisdictional argument.

{¶ 5} The council filed a Civ.R. 12(B)(6) motion to dismiss Auto Owner's petition. The trial court granted the motion on a finding that the section of the Revised Code of General Ordinances of The City of Dayton ("RCGO") on which Auto Owners relied is akin to a statute of limitations, which is not jurisdictional. Auto Owners filed a timely notice of appeal.

*ASSIGNMENT OF ERROR*

{¶ 6} "The trial court erred in granting the respondents' motion to dismiss relators' complaint for writ of prohibition."

{¶ 7} There are three prerequisites for the issuance of a writ of prohibition. First, the court or officer against whom it is sought must be about to exercise judicial or quasijudicial power. Second, the exercise of that power must be clearly unauthorized by law. Third, it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law. *State ex rel. La Boiteaux Co., Inc. v. Hamilton Cty. Court of Common Pleas,* (1980), 61 Ohio St.2d 60, 15 O.O.3d 85, 399 N.E.2d 90.

{¶ 8} Prohibition will issue if there is a patent lack of jurisdiction on the part of a court or tribunal, when a particular dispute is clearly outside its jurisdiction, or when it proposes to exercise some power it does not have, even though the remedy of appeal may be available, *State ex rel. Gilla v. Fellerhoff* (1975), 44 Ohio St.2d 86, 73 O.O.2d 328, 338 N.E.2d 522; *State ex rel. Johnson v. Perry Cty. Court* (1986), 25 Ohio St.3d 53, 25 OBR 77, 495 N.E.2d 16.

{¶ 9} The complaint the council filed, a copy of which is attached to its brief, alleges a violation of RCGO 32.05(A)(5). That section prohibits discrimination "in furnishing facilities, services, or privileges in connection with the ownership, occupancy, or use of any housing because of race * * *"

{¶ 10} RCGO 32.20(A) authorizes the council to investigate charges that a respondent "has engaged or is engaging in any unlawful discriminatory practices as defined in §§ 32.01 through 32.07" of the city's ordinances. RCGO 32.20(C) provides that if the council fails to effect the elimination of an unlawful discriminatory practice that was charged, the council may file a complaint. That section concludes: "Any complaint issued pursuant to the provisions of this section must be so issued within one year after the alleged unlawful discriminatory practices were committed."

{¶ 11} The council's complaint was filed on March 12, 2007. It alleged that Auto Owners had committed a discriminatory practice on March 10, 2005. Clearly, on its face, the complaint fails to satisfy the one-year filing requirement in RCGO 32.20(C).

{¶ 12} The council argues that RCGO 32.20(C) does not apply, because procedures on housing complaints are instead governed by RCGO 32.21(F), which authorizes the council to file a complaint but contains no one-year limitation.

{¶ 13} We do not construe the lack of a one-year or other time limit in RCGO 32.21(F) as creating an exception to the one-year time limit on filing complaints imposed by RCGO 32.20(C). The former section, RCGO 32.21, is largely concerned with how a private person files a complaint with the council and its investigation and conciliation services. RCGO 32.21(F) authorizes the council to file a complaint when its noncoercive efforts fail. However, there is no reason to find that the complaint is not governed by the one-year filing limit in RCGO 32.20(C). Reading those provisions in pari materia, we find that the one-year requirement applies to the complaint the council filed against Auto Owners.

{¶ 14} The trial court likewise found that the one-year filing time limit in RCGO 32.20(C) applies, but the court went on to find that the council's failure to satisfy that requirement does not deprive the council of jurisdiction to proceed on its complaint. Likening the requirement to a statute of limitations, the court reasoned that because statutes-of-limitations violations are affirmative defenses, and not jurisdictional defects, the council's failure to satisfy the one-year limit in the complaint it filed against Auto Owners did not deprive the council of jurisdiction.

{¶ 15} The trial court relied on *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 701 N.E.2d 1002, in which the Supreme Court wrote:

{¶ 16} "[T]he expiration of the statute of limitations is an affirmative defense that may deprive a litigant of his or her right to recover, but it is not a jurisdictional defect. The statute of limitations is a defense to a matter over which the court *has* subject matter jurisdiction. *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 680 N.E.2d 1207. A statute of limitations is an affirmative defense that

is waived unless pled in a timely manner. Id. If it is not so pled, a court with subject matter jurisdiction can proceed with the case. The appellate court in *Collins v. Nurre* (1969), 20 Ohio App.2d 53, 54, 49 O.O.2d 70, 71, 251 N.E.2d 621, 622, put it well:

{¶ 17} " 'The running of a pure statute of limitations does not extinguish the right nor extinguish the jurisdiction of the court over the subject matter but merely bars the remedy which in certain cases is subject to being revived, and subject to being waived.'

{¶ 18} "Consequently, the expiration of a statute of limitations does not deprive a court of jurisdiction. To hold otherwise would elevate the defense of statute of limitations to the status of subject matter jurisdiction. This would mean that the defense of statute of limitations, as well as subject matter jurisdiction, could be asserted at any point in the proceedings. We are unwilling to make this leap." *Jones*, 84 Ohio St.3d at 75, 701 N.E.2d 1002.

{¶ 19} Classification of a statute-of-limitations violation as an affirmative defense reflects the express classification in that respect made by Civ.R. 8(C). However, Civ.R. 1(C) provides that the Rules of Civil Procedure shall not apply to special statutory proceedings. The complaint procedure in RCGO 32.20 and housing complaint procedures in RCGO 32.21, which were adopted by the city of Dayton in the exercise of its local police powers, are special statutory proceedings. Therefore, Civ.R. 8(C) has no application to them.

{¶ 20} RCGO 32.20(C) and the one-year time limit it imposes on the council for filing a complaint is not "pure statute of limitations" that operates to bar an action that a private party is otherwise authorized by law to commence. It is, instead, a limitation that the city of Dayton imposed on procedures available to an agency that the city created and to which it has delegated certain specific powers, including the power to commence quasijudicial proceedings. To hold that the council may ignore an express requirement that the city imposed on it would violate a fundamental precept of administrative law that an agency has only such jurisdiction and powers it is authorized to exercise, and no more. *Ohio Cent. Tel. Corp. v. Pub. Util. Comm.* (1957), 166 O.S. 180; *Cincinnati v. Pub. Util. Comm.* (1917), 96 O.S. 270. Such an express statutory prerequisite to quasijudicial action an agency is authorized to undertake has been held to likewise be a jurisdictional prerequisite to the issuance of a complaint on which the action is commenced. *State ex rel. Republic Steel Corp. v. Ohio Civ. Rights Comm.* (1975), 44 Ohio St.2d 178, 73 O.O.2d 478, 339 N.E.2d 658.

{¶ 21} The trial court erred when it held that the one-year filing requirement of RCGO 32.20(C) is not a jurisdictional bar to the quasijudicial proceeding commenced on the complaint filed by the council against Auto Owners. Because

the council patently and unambiguously lacks jurisdiction to proceed on the causes alleged in its complaint, the trial court erred when it dismissed the petition for a writ of prohibition that Auto Owners filed.

{¶ 22} The assignment of error is sustained. The case is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

B<small>ROGAN</small> and F<small>AIN</small>, JJ., concur.