[Cite as *Windsor v. Francis*, 2012-Ohio-4863.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

DONOVAN WINDSOR             :

                                    :        Appellate Case No. 24959

       Plaintiff-Appellee        :

                                      :        Trial Court Case No. 11-CVI-1385

v.                                 :

                                      :

EMMETT T. FRANCIS          :        (Civil Appeal from Montgomery County

                                      :         Municipal Court-Eastern Division)

       Defendant-Appellant     :

                                      :

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of October, 2012.

. . . . . . . . . . .

DONOVAN WINDSOR, 7586 South Swan Lake, 1B, Huber Heights, Ohio 45424
       Plaintiff-Appellee, *pro se*

EMMETT T. FRANCIS, 523 West Main Street, Tipp City, Ohio 45371
       Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Emmett T. Francis appeals pro se from a small-claims judgment in favor of plaintiff-appellee Donovan Windsor.

{¶ 2}    The record reflects that Windsor filed a pro se complaint against Francis in Montgomery County Municipal Court. His complaint alleged:

I Donovan Windsor signed with my best friend at the time Emmett T. Francis a

year lease with Huber Home Rentals at 7586 S. Swan Lake Dr. 1-B. After 2 months

Emmett Francis quit his job & decided to move out. I told him to stay & that I would help as long as he payed me back. On December 20-24 Emmett Francis moved out. I was left to pay the rest of the 10 months while also having to pay his rent or get evicted. I decided to get another job at Rue 21 & also ask my family for help. I am currently staying at the same apartment and still paying his rent until he signs himself off the lease because our 1 year lease has finished.

(Doc. #1).

**{¶ 3}** Windsor sought damages of $2,825, apparently for Francis's share of the rent. The trial court set the case for trial on November 17, 2011. (Doc. #2). On that date, the trial court filed a short decision and entry granting judgment for Windsor. The trial court found, "after due consideration of all the evidence," that Windsor was entitled to judgment in the amount of $2,525 plus interest and costs. (Doc. #5.).

**{¶ 4}** Francis's appellate brief lacks any assignments of error. He alleges, however, that Windsor kicked him out of the apartment, destroyed his personal belongings, filed a false insurance claim, and fraudulently tried to have utilities and services placed in his name. We construe these factual allegations as an argument that the trial court's ruling is against the weight of the evidence. Unfortunately for Francis, we have no trial transcript or other record of proceedings below to review.

**{¶ 5}** App. R. 9(B) imposes a duty on Mr. Francis to provide a transcript of the proceedings in which the evidence was presented to the trial court. App. R. 9(C) or (D) provide alternatives for completing the record if no transcript is available. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, Darke App. No. 1576, 2002-Ohio-3803."Absent a transcript of the trial or a proper recreation of that evidence, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027,

2011-Ohio-3499, ¶15.

{¶ 6} Based on the limited record before us, we find no affirmative demonstration of error. Without any evidence to review, we cannot evaluate the correctness of the trial court's judgment in Windsor's favor. Therefore, we must presume the regularity of proceedings below and affirm. *Id.* at ¶16.

{¶ 7} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Donovan Windsor
Emmett T Francis
Hon. James A. Hensley, Jr.