[Cite as *Brown v. Grauman*, 2013-Ohio-4814.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

TODD A. BROWN                                    :

    Plaintiff-Appellee                     :        C.A. CASE NO. 2013 CA 14

v.                                                :        T.C. NO.    12CVSDV86

JOHN F. GRAUMAN                                  :        (Civil appeal from
                                                          Common Pleas Court)
    Defendant-Appellant               :

                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___1st___ day of _____November_____, 2013.

. . . . . . . . . .

TODD A. BROWN, 653 Louden Street, Urbana, Ohio 43078
    Plaintiff-Appellee

JOHN F. GRAUMAN, 113 S. Main Street, Apt. 307, Urbana, Ohio 43078
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  John F. Grauman, pro se, appeals from a judgment of the Champaign County Court of Common Pleas, which granted Todd A. Brown's petition for a civil stalking protection order against Grauman. For the following reasons, the trial judgment will be affirmed.

**{¶ 2}** Brown resides with his fiancée and teenage daughter on Loudon Street in Urbana. Grauman also owns property on Loudon Street. At one time, Grauman lived at his property, but it appears from the record that the home on Grauman's property has been razed and the lot is now vacant; Grauman continues to keep several dogs at the property. Grauman's relationship with Brown, a neighbor, has not been amicable.

**{¶ 3}** On December 21, 2012, Brown filed a petition for a civil stalking protection order against Grauman on behalf of himself, his fiancée, and his daughter. Following an ex parte hearing held the same day, the trial court issued an ex parte civil stalking protection order. The trial court scheduled a full hearing for January 8, 2013. At Grauman's request, the court continued the hearing to allow him an opportunity to retain counsel. The court rescheduled the hearing for February 7, 2013.

**{¶ 4}** A full hearing was held, as scheduled, on February 7. Both parties appeared without counsel, and they testified on their own behalf. Brown testified that Grauman has repeatedly been verbally abusive toward him and his fiancée, and that this has occurred in front of his daughter. Brown stated, "I thought he was going to run me down [with his vehicle] the last altercation we have had." Brown expressed that he was afraid that "it's going to end up very violent" and he felt that Grauman was "enticing" him "where I'm the one pushed on the edge." Brown testified that he felt intimidated by Grauman, that his fiancée was "really afraid" and was considering a concealed carry permit due to Grauman's actions, and that his daughter was "petrified" of Grauman.

**{¶ 5}** Grauman testified that he had been in the neighborhood for 30 years. He stated that "none of these instances that [Brown] talks about where I'm cussing and

swearing, just never happened. He's making this stuff up, and I don't know why." Grauman testified that he did not understand why he was considered a threat, considering that Brown and others have parked on his property. Grauman stated that he did not want others parking there. Grauman testified that whenever he has a problem with his neighbors, he has called the police; he denied committing any violence. Grauman acknowledged that he had been found guilty of disorderly conduct based on his yelling obscenities at Brown.

{¶ 6} On February 13, 2013, the trial court granted Brown's petition for the civil stalking protection order. Grauman appeals from that judgment, claiming that, "as a matter of law, [Brown] perjured himself."

{¶ 7} As an initial matter, Grauman asserts that pro se litigants' submissions are "held to less stringent standards than submissions of lawyers" and that we should "go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result." He further states that "if there is any possible theory that would entitled [him] to relief, even one that [he] hasn't thought of, the court cannot dismiss or uphold the trial court's ruling." Grauman cites several federal cases which he alleges support these assertions.

{¶ 8} Contrary to Grauman's assertions, in Ohio, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20; *see also*, *e.g.*, *Preston v. Shutway*, 2013-Ohio-185, 986 N.E.2d 584, ¶ 12 (2d Dist.); *Windsor v. Francis*, 2d Dist. Montgomery No. 24959, 2012-Ohio-4863, ¶ 5. A pro se litigant "cannot expect or demand special treatment from the judge, who is to sit as impartial

arbiter." *Yocum* at ¶ 20, quoting *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). That being said, there is absolutely nothing in the record that either party, neither of which had counsel, was treated unfairly in the trial court, and we must not give special treatment to any party on appeal.

{¶ 9} In his assignment of error, Grauman claims that Brown perjured himself at the February 7 hearing. He argues that Brown contradicted himself by stating that he was intimidated by Grauman yet felt that Grauman was "enticing" him into a confrontation. Upon review of the transcript of the February 7 hearing, we find nothing to support Grauman's assertion that Brown perjured himself. And because the judge, as the trier of fact, saw and heard the witnesses at the hearing, we defer to the trial court's decisions whether, and to what extent, to credit the testimony of particular witnesses. *See State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684 (Aug. 22, 1997). We cannot conclude that the trial court erred in crediting Brown's testimony regarding Grauman's behavior and its effect on Brown, his fiancée, and his daughter.

{¶ 10} Although not specifically mentioned as an assignment of error, Grauman also appears to challenge the trial court's issuance of the ex parte civil stalking protection order. In light of the court's finding, after a full hearing, that a civil stalking protection order was warranted, Grauman's challenge to the ex parte order is moot. *See Preston* at ¶ 15 (trial court's order after a full hearing superseded the ex parte order); *Daugherty v. Daugherty*, 4th Dist. Hocking No. 11CA18, 2012-Ohio-1520, ¶ 15 (trial court's final domestic violence civil protection order superseded prior ex parte order, rendering any claim regarding the ex parte order moot).

{¶ 11}   Grauman's assignment of error is overruled.

{¶ 12}   The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Todd A. Brown
John F. Grauman
Hon. Lori L. Reisinger