[Cite as *Swaim v. Scott*, 2014-Ohio-419.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

JAMES E. SWAIM, et al.

      Plaintiff-Appellee

v.

ROBERT SCOTT, et al.

      Defendant-Appellee


Appellate Case No.    25726

Trial Court Case No.   2012-CV-348


(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 7th day of February, 2014.

. . . . . . . . . . .

CHARLES F. GEIDNER, Atty. Reg. No. 0023889, BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee
      Attorneys for Ohio Department of Job and Family Services-Plaintiff-Appellee

THOMAS BAGGOTT, Atty. Reg. No. 1919, 130 West Second Street, Suite 2100, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

WILLIAM SCOTT, 211 South Main Street, Apartment 2, Englewood, Ohio 45322
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, William Scott (Appellant), appeals pro se from the trial court's decision granting summary judgment in favor of the Appellee, the State of Ohio Department of Job and Family Services (ODJFS).  Appellant was ordered by the trial court to pay ODJFS $23,393.78 as a result of improperly disbursing funds from the Estate of Glenda Scott, his deceased sister.  Appellant argues that he did not receive ODJFS's motion for summary judgment, and claims that he would have filed a response had he received proper notice.  Appellant also contends that ODJFS's complaint was filed outside the statute of limitations.  Furthermore, Appellant requests this court to rule on his motion to vacate, which the trial court overruled on grounds that it lacked jurisdiction over the matter.

{¶ 2}   We conclude that the issue of whether Appellant received proper notice of the motion for summary judgment is not properly before this court, because Appellant did not raise the issue before the trial court.  Appellant also failed to raise the statute of limitations defense before the trial court and also waived the defense by not including it in his responsive pleading.  Finally, we conclude that this court cannot rule on Appellant's motion to vacate, as our authority in this matter is limited to reviewing and affirming, modifying or reversing decisions of the trial court.  Accordingly, the judgment of the trial court will be affirmed without prejudice to Appellant's motion to vacate.

## I.  Facts and Course of Proceedings

{¶ 3}   Appellant was appointed as the administrator of the estate of his deceased sister, Glenda Scott, in Montgomery County Probate Court Case No. 2009 EST 00056.  Prior to that,

Appellant's brother, Robert Scott, was appointed as the administrator of the estate of their other deceased sister, Peggy Scott, in Montgomery County Probate Court Case No. 2008 EST 00868.

{¶ 4}    In July of 2008, Robert filed a complaint against Appellant for concealing assets of Peggy Scott's estate.   After holding a hearing on the matter, the Montgomery County Probate Court found Appellant guilty of concealing assets and ordered him to pay a total of $5,477.36 to the estate.   Thereafter, Appellant paid the entire judgment using funds from Glenda Scott's estate.   In addition, Appellant used Glenda Scott's estate funds to pay $10,528.12 to Tobias Funeral Home (Tobias), and $17,916.42 to himself.   These disbursements were reported by Appellant in his Fiduciary's Account filed on April 14, 2010.

{¶ 5}    On January 12, 2012, ODJFS filed a complaint against Appellant in the Montgomery County Court of Common Pleas, alleging that Appellant failed to notify ODJFS of the probate proceedings involving the Estate of Glenda Scott.   The complaint indicated that such notification is required under R.C. 2117.061, because Glenda Scott was a Medicaid recipient and her estate is subject to Medicaid Estate Recovery.   In addition, the complaint alleged that ODJFS is a priority creditor and that Appellant made improper distributions to himself, the Estate of Peggy Scott, and Keystone America, Inc., which conducts business as Tobias.   Peggy Scott's estate and Tobias were also named as defendants in the complaint.   ODJFS requested a judgment against Appellant in the amount of $23,393.78 plus interest.

{¶ 6}    The complaint and summons were successfully served on Appellant, who filed a pro se answer.   Thereafter, ODJFS filed a motion for summary judgment arguing that there was no genuine issue of material fact that Appellant: (1) failed to notify ODJFS of the probate proceedings; and (2) administered improper distributions from the Estate of Glenda Scott.

Appellant was notified of the deadline to respond to the motion for summary judgment, but filed no memorandum in opposition. On March 26, 2013, the trial court granted summary judgment in favor of ODJFS and ordered Appellant to pay $23,393.78 plus interest.

{¶ 7} Appellant filed an objection to the trial court's decision on grounds that it violated his constitutional right to have a trial on the matter. The trial court overruled the objection on grounds that its decision was a final appealable order and that the proper course of action would be to file an appeal. Thereafter, Appellant filed a Notice of Appeal with this court on April 22, 2013, which indicated that Appellant was appealing from the trial court's summary judgment decision.

{¶ 8} While his appeal was pending, on April 26, 2013, Appellant filed a motion to vacate the judgment pursuant to Civ.R. 41. The motion requested the trial court to dismiss the March 26, 2013 judgment against him on grounds that the other two defendants, the Estate of Peggy Scott and Tobias, were granted a dismissal under Civ.R. 41. He also argued that he did not receive notice of ODJFS's motion for summary judgment. On May 14, 2013, the trial court overruled the motion to vacate on grounds that it no longer had jurisdiction over the matter since Appellant had previously filed an appeal.

## II. Assignment of Error

{¶ 9} Appellant did not set forth specific assignments of error in his appellate brief as required by App.R. 16(A)(3). The failure to set forth specific assignments of error is grounds for dismissal. *State v. Peoples*, 2d Dist. Miami No. 2005 CA 20, 2006–Ohio–4162, ¶ 24. We note that the Appellant is proceeding pro se. Nevertheless, " '[l]itigants who choose to proceed pro

se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' " *Preston v. Shutway*, 2013–Ohio–185, 986 N.E.2d 584, ¶ 12 (2d Dist.), quoting *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20. (Other citation omitted.) Despite Appellant's error, we will review his arguments in the interest of justice.

**{¶ 10}** Appellant first argues that he did not receive notice of the March 26, 2011 "default judgment" and, therefore, he did not file a response. We note that there was no default judgment taken against the Appellant. The judgment that Appellant is referring to was awarded on summary judgment. Accordingly, we construe Appellant's argument to be that he did not receive notice of ODJFS's motion for summary judgment, and that he would have filed a response to the motion had he been given proper notice.

**{¶ 11}** Prior to filing this appeal, Appellant filed an objection to the summary judgment decision, but he did not raise the notice issue. " ' "The normal rule is that an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass." ' " *State v. Clark,* 2d Dist. Greene No. 2007-CA-33, 2008-Ohio-1977, ¶ 17, quoting *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978), quoting *Gendron v. United States*, 295 F.2d 897, 902 (8th Cir.1961). Because he did not raise the notice issue before the trial court prior to filing this appeal, the issue is not properly before this court.

**{¶ 12}** Even if the notice issue was properly before this court, the record does not indicate that Appellant failed to receive proper notice of the motion for summary judgment. The record establishes that Appellant's correct address is 211 S. Main Street, Apt. 2, Englewood, Ohio. The motion for summary judgment contains a signed certificate of service indicating that

the motion was sent to that address. In addition, on March 1, 2013, the trial court sent an entry to that address which notified Appellant that: (1) ODJFS filed a motion for summary judgment on February 28, 2013; (2) the motion for summary judgment would be submitted for decision on March 22, 2013; and (3) the deadline to file a memorandum in opposition would be on March 15, 2013.

{¶ 13} For the foregoing reasons, Appellant's first argument lacks merit and is overruled.

{¶ 14} Next, Appellant argues that ODJFS did not file its complaint within the statute of limitations. Once again, Appellant did not raise this issue before the trial court. Because we may not consider questions which have not been properly raised in the trial court, the statute of limitations issue is not properly before this court.

{¶ 15} As a further matter, the statute of limitations defense "must be 'set forth affirmatively,' Civ.R. 8(C), in a pleading responsive to the complaint, that is, in the answer. Civ.R. 7(A)." *Stutes v. Harris*, 2d Dist. Greene No. 21753, 2007-Ohio-5163, ¶ 19. The statute of limitations defense "is waived unless pled in a timely manner." (Citation omitted.) *State ex rel. Auto-Owners Ins. Co. v. Wortham*, 176 Ohio App.3d 611, 2008-Ohio-2873, 893 N.E.2d 209, ¶ 16 citing *Lewis v. Trimble*, 79 Ohio St.3d 231, 680 N.E.2d 1207 (1997). Here, the Appellant waived the statute of limitations defense, because he did not assert it in his responsive pleading.

{¶ 16} For the foregoing reasons, the Appellant's second argument lacks merit and is overruled.

{¶ 17} Finally, Appellant requests that we rule on his motion to vacate and dismiss the case against him pursuant to Civ.R. 41. Given that the motion is requesting relief from a

judgment, we construe it as a Civ.R. 60(B) motion as opposed to a motion under Civ.R. 41. However, we are not authorized to directly rule on the motion to vacate, because we may only " 'review and affirm, modify, or reverse the judgment or final order appealed.' " *State v. Reynolds*, 2d Dist. Montgomery No. 20484, 2005-Ohio-1934, ¶ 8, citing App.R.12(A)(1)(a). Furthermore, "[a]n appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.' " *State v. Collier*, 2d Dist. Montgomery No. 20131, 2005-Ohio-119, ¶ 34, quoting *Sloan v. Ohio Bd. Of Embalmers & Funeral Directors*, 123 Ohio App.3d 545, 548, 704 N.E.2d 633 (8th Dist.1997).

{¶ 18}   In the case before us, the Appellant did not appeal from the trial court's decision on the motion to vacate.   Appellant's Notice of Appeal indicates that he only appealed from the trial court's March 26, 2013 decision granting summary judgment in favor of ODJFS. Accordingly, we do not have jurisdiction to review the trial court's decision on the motion to vacate.

### III.   Conclusion

{¶ 19}   Having found no merit to any of the arguments presented by the Appellant, we hereby affirm the judgment of the trial court without prejudice to Appellant's motion to vacate.

. . . . . . . . . . . . .

FAIN and HALL, JJ.,   concur.

Copies mailed to:

Charles F. Geidner
Brent E. Rambo
Thomas Baggott
William Scott
Hon. Michael W. Krumholtz