[Cite as *Bailey v. Nichole's Salon*, 2014-Ohio-1267.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DORIS M. BAILEY                                   :

     Plaintiff-Appellee                       :           C.A. CASE NO.     25606

v.                                                :           T.C. NO.     12CVI1144

NICHOLE'S SALON, et al.                           :           (Civil appeal from
                                                              Municipal Court)
     Defendants-Appellants                    :

                                                  :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ____28th____ day of _____March_____, 2014.

· · · · · · · · · ·

DORIS M. BAILEY, 422 Glenview Road, Trotwood, Ohio 45426
     Plaintiff-Appellee

NICHOLE'S SALON and CAROLYN PURCE and SHNIKKA TAYLOR, 731 E. Main
Street, Trotwood, Ohio 45426
     Defendants-Appellants

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se notice of appeal by Appellants,

Nichole's Salon, Shnikka Taylor and Carolyn Purce, filed on January 22, 2013. No

responsive brief has been filed. Appellants appeal the December 24, 2012 decision of the Montgomery County Municipal Court in favor of Doris M. Bailey on her Small Claim Complaint. We hereby affirm the trial court's decision.

**{¶ 2}** On October 22, 2012, Ms. Bailey filed a pro se Small Claim Complaint in the Municipal Court of Montgomery County, Ohio, alleging that she was due the sum of $1,096.00 in damages as a result of Defendants' negligence. Attached to the complaint was a letter from Ms. Bailey detailing the incident that gave rise to her complaint, which occurred August 3, 2012. According to her complaint, Carolyn Purce applied a hair treatment to Ms. Bailey's hair and neglected to remove it within the recommended amount of time. As a result, Ms. Bailey claimed that she suffered hair loss and damage to her hair.

**{¶ 3}** A hearing was scheduled for December 21, 2012. The record bears no indication that Appellants filed an answer or attended the scheduled hearing. Judgment was subsequently entered in favor of Ms. Bailey and she was awarded a total of $520.00 in damages, plus costs. On January 22, 2013, Appellants filed a Civil Docket Statement, which this court accepted as a notice of appeal. On the Civil Docket Statement, Appellants checked the box indicating they intended to order a "Full" transcript of the trial proceedings. On March 22, 2013, a Show Cause Order was entered by this Court directing the record to be prepared and filed or to show cause in writing as to why the case should not be dismissed for failure to comply. On April 9, 2013, Appellants filed an unsigned document titled "Motion for Extension," indicating that their key witness would not be available for roughly 60 days as the result of a knee surgery.

**{¶ 4}** Thereafter, Ms. Bailey submitted a letter to this Court on July 29, 2013,

requesting the return of the photographs she submitted as exhibits at trial. On August 14, 2013, this Court issued a Decision and Entry ordering that the trial transcript be filed no later than September 16, 2013, and further denying Ms. Bailey's request for her photographs. Additionally, this court advised Appellants that witnesses may not be called on appeal.

{¶ 5} On October 29, 2013, a Rule 11(B) Notification was filed notifying the parties that the record of appeal was complete. Appellants thereafter filed a letter on November 15, 2013 "providing information to contest the evidence that Ms. Doris Bailey presented." The letter was signed by Carolyn Purce and Shnikka Taylor for Nichole's Salon. Finally, on January 13, 2014, this Court entered a Show Cause Order on failure of Appellee to file a brief. No brief was filed by Ms. Bailey.

{¶ 6} Appellants bear the burden to provide the appellate court with the transcript for appellate review. See *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Pursuant to Appellate Rule 9 (B), "[a]t the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript of the parts of the proceeding not already on file...." Without reference to such a record, the appellate court has nothing to review and as such must presume the validity of the trial court's findings and affirm. See *In re C.M.L.,* 2d Dist. Greene No. 2010CA0002, 2011-Ohio-1132, ¶ 44, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 7} At no point during the pendency of this appeal did Appellants secure and pay for the trial transcript. As such, this Court is limited to a review of the complete record as of the October 29, 2013 Rule 11(B) Notification. Appellants have failed to comply with App.

R. 9 by failing to obtain the trial transcripts or utilize one of the acceptable alternatives, despite being notified by this court on two separate occasions that such action was required. Thus, absent any transcript of the trial court proceedings, we are unable to review the trial court's decision on its merits.

**{¶ 8}** Finally, we address the November 15, 2013 letter submitted by Appellants in which they provide "information to contest the evidence that Ms. Doris Bailey presented in this case." In their letter, Appellants identify three issues for this court to examine. However, "[t]he normal rule is that an appellate court should not consider questions [or defenses] which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass." *Swaim v. Scott*, 2d Dist. Montgomery No. 25726, 2014-Ohio-419, ¶11, quoting *State v. Clark*, 2d Dist. Greene No. 2007–CA–33, 2008–Ohio–1977, ¶ 17, quoting *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978), quoting *Gendron v. United States*, 295 F.2d 897, 902 (8th Cir.1961). Unfortunately, it appears as though Appellants are unaware of the function of this court. However, pro se litigants cannot rely on a misunderstanding when they decide to proceed without representation, and are presumed to know the law and procedures. See *Windsor v. Francis*, 2d Dist. Montgomery No. 24959, 2012-Ohio-4863, ¶5, citing *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803. Further, because of this presumption, pro se litigants will not be afforded special treatment. *Id.* Based on the foregoing, this court cannot consider the November 15, 2013 letter submitted by the Appellants.

**{¶ 9}** Accordingly, we must presume the correctness of the trial court's findings. Therefore, the Judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.


Copies mailed to:

Doris M. Bailey
Nichole's Salon
Carolyn Purce
Shnikka Taylor
Hon. James L. Manning