[Cite as *Huntington Natl. Bank v. Wiggins*, 2017-Ohio-1072.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  27187 |
| | : | |
| v. | : | T.C. NO. 15-CV-6726 |
| | : | |
| KENNETH WIGGINS, et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of _____March_____, 2017.

. . . . . . . . . .

DEAN K. HEGYES, Atty. Reg. No. 0059768 and JESSICA M. WILSON, Atty. Reg. No. 0093300, P.O. Box 39696, 30455 Solon Road, Solon, Ohio 44139
        Attorneys for Plaintiff-Appellee

KATHERINE WIGGINS, 349 Halifax Drive, Vandalia, Ohio 45377
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Katherine L. Wiggins, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to Huntington National Bank on its claim for foreclosure. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} Huntington's evidence in support of its motion for summary judgment establishes the following facts.

{¶ 3} On November 26, 2014, Kenneth Wiggins borrowed $79,677 from Citizens Home Loans of America, Inc., to purchase the property located at 1047 Patterson Road in Dayton. Mr. Wiggins signed a note for that amount, and his first principal and interest payment of $397.82 was due on January 1, 2015. Mr. Wiggins secured the note with a mortgage on the property. The mortgage identified Citizens as the lender and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Citizens. Mrs. Wiggins signed the mortgage "solely to release her dower rights."

{¶ 4} Loan payments were made to Huntington, the servicer of the note, in January, February, March, and April of 2015. Mr. Wiggins died on April 18, 2015. Two additional payments were made in May and June of 2015, leaving a principal balance of $79,027.12. No additional payments were made. On September 24, 2015, Huntington sent a notice of default to Kenneth Wiggins at the Patterson Road address. It is unclear when Huntington became aware of Mr. Wiggins's death.

{¶ 5} Citizens Home Loans transferred the note to Huntington by an allonge. On December 1, 2015, MERS, as nominee for Citizens, assigned the mortgage to Huntington.

{¶ 6} On December 28, 2015, Huntington filed a complaint for foreclosure against Kenneth Wiggins (deceased), Kenneth's unknown heirs, Katherine Wiggins, and others. Huntington alleged that it was the holder of and/or was entitled to enforce the note, that it was the holder of the mortgage, and that $79,027.12 (plus interest and advances) was

due and owing. Huntington also sought a judgment against Mr. Wiggins on the note. Copies of the note with the allonge, the mortgage, and the assignment of mortgage were attached to the complaint.

{¶ 7} On January 2, 2016, Mrs. Wiggins was successfully served with the summons and the complaint by certified mail to the Patterson Road address. (Additional attempts to serve Mrs. Wiggins by personal service and by certified mail to a Bickmore Avenue address were unsuccessful.) On January 28, 2016, Mrs. Wiggins, through counsel, filed an answer and raised numerous defenses; she sought dismissal of the complaint and, alternatively, mediation. In February 2016, her counsel withdrew, and Mrs. Wiggins proceeded pro se; the withdrawal motion states that a copy was sent to Mrs. Wiggins at the Patterson Road address.

{¶ 8} On May 25, 2016, Huntington moved for summary judgment. Huntington argued that it was the holder of the note and mortgage and had standing to pursue its action, that the borrower was in default, that all conditions precedent to foreclosure had been met, and that the borrower owed $79,027.12 plus interest and advances. Huntington supported its motion with the affidavit of Robin Scott (on behalf of Huntington), who authenticated copies of the note, the mortgage, the assignment of mortgage, Kenneth Wiggins's payment history, and the notice of default. Huntington sent its motion to Mrs. Wiggins at both the Patterson and Bickmore addresses; Mrs. Wiggins did not respond to Huntington's motion for summary judgment.

{¶ 9} On June 17, 2016, the trial court granted Huntington's motion and entered judgment in favor of Huntington on its claim for foreclosure. (Because Mr. Wiggins was deceased, the court dismissed him as a party.) The trial court ordered that, unless the

sums due were paid in full within three days, the equity of redemption and dower of Mrs. Wiggins and others be foreclosed and the property sold. There was no deficiency judgment awarded.

{¶ 10} Mrs. Wiggins appeals from the trial court's judgment of foreclosure. Although she does not state a specific assignment of error, she challenges the trial court's grant of summary judgment to Huntington.

## II. Review of Trial Court's Judgment

{¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

{¶ 12} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 13} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

{¶ 14} In her appellate brief, Mrs. Wiggins states that her husband bought the Patterson Road residence so that she and their children would have a home after he passed away. She states that she now has a job, is able to pay all of the bills, and will not "end up in this situation again." She asks to be allowed to remain in the home, although she says she no longer resides in the home "due to it[s] being condemned."

{¶ 15} "In the appeal of a foreclosure judgment, the role of the appellate court is limited to a review of the proceedings in the trial court. The appellate court does not have authority to conduct a trial, or review new evidence, to decide the outcome of a foreclosure dispute. Legal issues and the factual evidence relating to those issues must first be presented in, and decided by, the trial court, before appellate review of those issues and evidence can be had. The trial court is required to follow the guidelines set forth in the Ohio Rules of Civil Procedure to assure that legal claims are presented correctly and uniformly." *Wright-Patt Credit Union, Inc. v. Danes*, 2d Dist. Montgomery No. 26433, 2015-Ohio-2184, ¶ 7.

{¶ 16} We are sympathetic to Mrs. Wiggins's desire to remain in her home. However, she failed to respond to Huntington's motion for summary judgment and to present evidence to the trial court to contest Huntington's claim for foreclosure. We

cannot consider the new information contained in Mrs. Wiggins's brief in reviewing the trial court's decision.

{¶ 17} Even if we could consider the information in Mrs. Wiggins's appellate brief, she has not set forth any facts that would raise a genuine issue of material fact in this case. For example, Mrs. Wiggins has not disputed that the mortgage loan is in default or that Huntington has properly sued to foreclose on the mortgage. Mrs. Wiggins does not challenge the amount due on the note.

{¶ 18} Huntington's evidence in support of its summary judgment motion demonstrated its entitlement to foreclose on the property. According to Scott's affidavit and the attached documents, Kenneth Wiggins borrowed $79,667 from Citizens Home Loans and secured the promissory note with a mortgage on the Patterson Road property. At the time Huntington filed its complaint, it was the holder of both the note and mortgage, and thus it had standing to file its action. The payment history provided by Huntington indicated that six payments were made (January 2015 – June 2015), leaving a balance of $79,027.12; no further payments were made. Prior to initiating foreclosure proceedings, Huntington sent a Notice of Intention to Accelerate and Foreclose. Based on Huntington's undisputed evidence, the trial court did not err in granting a judgment of foreclosure to Huntington.

{¶ 19} In her reply appellate brief, Mrs. Wiggins claims, for the first time, that she never received "any court documents from Plaintiff," including Huntington's motion for summary judgment, at either the Bickmore or Patterson address. (In a different portion of her reply brief, Mrs. Wiggins states that she has not been served with documents since her attorney withdrew.) She states that she has not lived at the Bickmore Avenue

address since November 26, 2015, and that she last lived at the Patterson Road address on April 1, 2016. Mrs. Wiggins indicates that she was homeless until May 1, 2016, and has since lived at an address in Vandalia.

{¶ 20} Mrs. Wiggins did not raise the issue of notice in the trial court, and she relies on information that was not before the trial court to support her claim that she did not have notice of the motion for summary judgment. In general, appellate courts will not consider arguments that have not first been properly raised in the trial court. *Swaim v. Scott*, 2d Dist. Montgomery No. 25726, 2014-Ohio-419, ¶ 11. And as stated above, our review is limited to the information before the trial court. Mrs. Wiggins's claim is more properly brought in the trial court as a motion for relief from judgment, pursuant to Civ.R. 60(B).

{¶ 21} Even if the notice issue could be considered by us, the record before us does not indicate that Mrs. Wiggins failed to receive proper notice of the motion for summary judgment. Mrs. Wiggins was served with Huntington's complaint at the Patterson Road address, and she filed an answer with the trial court. When Mrs. Wiggins's attorney withdrew in February 2016, notice of the motion to withdraw was sent to Mrs. Wiggins at the Patterson Road address. In May 2016, Huntington served its motion for summary judgment by regular mail to the Patterson address (as well as the Bickmore address); there is nothing in the record to indicate that Mrs. Wiggins did not receive the motion. Mrs. Wiggins did not provide an updated address to the trial court, and she listed the Patterson Road address as her address on her notice of appeal, which was filed on July 18, 2016.

{¶ 22} On the record before us, the trial court did not err in granting summary judgment to Huntington on its claim for foreclosure.

### III. Conclusion

**{¶ 23}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Dean K. Hegyes
Jessica M. Wilson
Katherine Wiggins
Lynne Nothstine
Kelli Lister
TD Bank USA, N.A.
Montgomery County Common Pleas Court, c/o Hon. Mary Katherine Huffman, Administrative Judge