THE STATE, EX REL. BERNGES, *v.* COMMON PLEAS COURT ET AL.

(No. 387—Decided March 25, 1970.)

Mr. *Paul E. Riffle,* village solicitor of Milford, for relator.

Mr. *Robert A. Jones,* prosecuting attorney, for respondents.

*Per Curiam.* Before us is a petition for a writ to enjoin, restrain and prohibit the Court of Common Pleas of Clermont County from hearing and deciding an application for an injunction. The application seeks an order enjoining the Mayor of the village of Milford from conducting proceedings involving alleged traffic law violations. A temporary order to that effect was issued by the court, and the petition before us was thereupon filed.

The jurisdiction of the Court of Common Pleas is set forth in Section 4, Article IV of the Ohio Constitution:

"(B) The Courts of Common Pleas shall have such original jurisdiction over all justiciable matters and such

powers of review of proceedings of administrative officers and agencies as may be provided by law.''

It is contended by the respondents, essentially, that the temporary order provides an opportunity for the Court of Common Pleas to determine the question of the ''constitutional right'' of a citizen to an appeal from a conviction in a mayor's court.

The Court of Common Pleas has no jurisdiction to entertain an appeal from an order or judgment of a mayor's court. See *Greenhills* v. *Miller,* 20 Ohio App. 2d 313. Nor does it have authority to issue a writ of prohibition, such jurisdiction being reserved to the Supreme Court and the Courts of Appeals by Sections 2 and 3, respectively, of Article IV of the Constitution of the state of Ohio.

In the case at bar, the order of the Court of Common Pleas, ''that the previous injunction issued * * * temporarily enjoining the Mayor of the village of Milford from hearing, sitting as a judicial officer, and conducting any further proceedings in the cases of the Village of Milford vs. David Peller be continued until final order * * * or until an additional order * * *,'' is tantamount to the issuance of a writ of prohibition. Therefore, the Court of Common Pleas has assumed a power not granted to it by the Constitution.

Since prohibition is a writ to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law (see 44 Ohio Jurisprudence 2d 171, Prohibition, Section 2, and cases there cited), the prayer of the petition before us will be granted.

A writ enjoining, restraining and prohibiting the Court of Common Pleas of Clermont County, Ohio, and the judges thereof from hearing evidence and deciding the application for an injunction in case numbered 37862 upon the dockets of that court and ordering that no further jurisdiction be exercised in the matter save to dissolve the temporary injunction issued therein will issue forthwith.

*Writ allowed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.