The STATE ex rel. RUSSELL, Appellant,

v.

SHAKER HEIGHTS MUNICIPAL COURT et al., Appellees.

[Cite as *State ex rel. Russell v. Shaker Hts. Mun. Court* (1993), 87 Ohio App.3d 511.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64332.

Decided May 3, 1993.

*James M. Russell, pro se.*

*Louis Orkin,* for appellees.

---

*Per Curiam.*

This appeal came on to be heard upon the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Relator-appellant, James M. Russell, appeals *pro se* from an order of the common pleas court requiring Russell to pay attorney fees in the sum of $350 to the Shaker Heights Municipal Court and Magistrate Judge John Judge, respondents-appellees. Following dismissal of Russell's verified complaint for a writ of prohibition, the award was made pursuant to R.C. 2323.51(B)(1), which provides that "within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct."

" 'Frivolous conduct' means conduct of a party to a civil action * * * that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2).

We find that the trial court properly awarded attorney fees and costs against Russell. We affirm the judgment below.

This case had its origins in Russell's arrest for driving without a license in Beachwood, Ohio on May 21, 1992 within the jurisdiction of the Shaker Heights Municipal Court. Thereafter ensued a number of events that ultimately resulted in his trial and conviction in the Shaker Heights Municipal Court. His appeal from that criminal conviction is pending in this court as case No. 64291.

While Russell was awaiting trial in the Shaker Heights prosecution he filed a verified complaint for a writ of prohibition in the Cuyahoga County Court of Common Pleas to prevent the Shaker Heights Municipal Court from proceeding with the prosecution. Shaker Heights filed a motion to dismiss the action because an action for the extraordinary writ of prohibition does not lie in the common pleas court. The trial court granted the motion to dismiss and then entertained and granted Shaker Heights's motion for attorney fees in a subsequent hearing. Russell does not challenge the amount of the award. We will address Russell's assignments of error in the order asserted.

"I. The trial court erred in awarding attorney's fees pursuant to R.C. § 2323.51 because such awards are provided only where there is frivolous conduct as that term is defined in the statute. This is plain error."

We find that Russell's attempt to obtain a writ of prohibition from the common pleas court is "frivolous conduct" within the meaning of the attorney fees statute. "The Court of Common Pleas does not, in the absence of statutes conferring it, have original jurisdiction in prohibition." *State ex rel. Miller v. Keefe* (1958), 168 Ohio St. 234, 6 O.O.2d 18, 152 N.E.2d 113, paragraph two of the syllabus; *State ex rel. Bernges v. Common Pleas Court of Clermont Cty.* (1970), 23 Ohio App.2d 89, 52 O.O.2d 94, 260 N.E.2d 839. The parties have cited no applicable statutes, and we have found none, vesting the common pleas court with jurisdiction in prohibition. A suit for a writ of prohibition is properly directed to the Supreme Court or courts of appeals, which have original jurisdiction, but not to the common pleas court. Sections 2 and 3, Article IV, Ohio Constitution. Although Russell was appearing *pro se,* he nonetheless had the benefit of the city of Beachwood's brief filed on June 25, 1992, which pointed out the lack of jurisdiction in the common pleas court. Nevertheless, rather than dismissing his action, he proceeded with it, wasting the court's and opposing counsel's time.

This assignment of error is overruled.

"II.   The trial court erred in awarding attorney's fees to appellees, who may not benefit by such an award according to the legal principle that a party cannot recover fees incurred as a result of that party's own improper conduct.   This is plain error."

In this assignment Russell seems to invoke the familiar equitable principle that no man can profit from his own wrongdoing.   That principle has no application here.   The prohibition action in common pleas court was improperly instituted by Russell because of transgressions he perceived or anticipated in the proceedings in the Shaker Heights Municipal Court.   It remains to be seen whether there was any wrongdoing in the proceedings in that court when Russell's other appeal is heard.   Nevertheless, that does not alter the fact that he engaged in frivolous conduct by beginning and maintaining a prohibition proceeding in the common pleas court, unnecessarily requiring the Shaker Heights Municipal Court to defend against it.

This assignment of error is overruled.

"III.   The trial court erred in awarding attorney's fees pursuant to R.C. § 2323.51 because the trial court had previously dismissed appellant's cause upon appellee's Civ.R. 12(B) motion to dismiss for want of jurisdiction.   Having dismissed appellant's complaint for want of jurisdiction, the court was without jurisdiction to award sanctions pursuant to R.C. § 2323.51.   Appellant challenged the trial court's jurisdiction in his motion to strike appellees' motion for sanction."

The issue presented by this assignment is whether a trial court continues to have jurisdiction to enter an award of attorney fees for frivolous conduct although it has dismissed the suit which precipitated the unnecessary expenditure of fees.   This issue is resolved by the attorney fees statute itself, in that it states that "within twenty-one days *after entry of judgment* in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct."   (Emphasis added.)   R.C. 2323.51(B)(1).   The statute contemplated consideration and award of attorney fees "after entry of judgment," *i.e.,* after dismissal of Russell's action.   An award of attorney fees as sanctions after the dismissal of the principal action is appropriate.   *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 280, 583 N.E.2d 1018, 1022; *Hildreth v. Mims* (1990), 70 Ohio App.3d 282, 287, 590 N.E.2d 1353, 1356.

Although he did not originally assign it as error or brief it, appellant Russell raised the interesting question at oral argument whether proceedings in prohibition are a "civil action" within the meaning of R.C. 2323.51(B)(1).   Appellant contends that his complaint for a writ of prohibition was not a "civil action" but a special proceeding and that R.C. 2323.51 does not apply.   We disagree.

The case on which appellant relies is *State ex rel. Miller v. Keefe, supra,* 168 Ohio St. at 238, 6 O.O.2d at 20, 152 N.E.2d at 116, where the Supreme Court stated in dictum: "Nor do we think the 'civil action' of the Code embraces proceedings in prohibition." This decision was rendered before the adoption of the Ohio Rules of Civil Procedure, which state:

"These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule." Civ.R. 1(A).

Except as statutes might otherwise dictate, *e.g.,* Civ.R. 1(C)(7), we believe that the Civil Rules were intended to cover all proceedings in the trial courts. "There shall be only one form of action, and it shall be known as a civil action." Civ.R. 2. See *State ex rel. Millington v. Weir* (1978), 60 Ohio App.2d 348, 349, 14 O.O.3d 310, 311, 397 N.E.2d 770, 772 (Civil Rules supersede the statutory requirements for a verified complaint in mandamus). We also take notice of our own Loc.R. 8(B)(1), which provides that actions on extraordinary writs "will proceed as any civil action under the Ohio Rules of Civil Procedure." S.Ct.Prac.R. VIII, Section 1, likewise provides: "An original action, other than habeas corpus, * * * shall proceed as any civil action under the Ohio Rules of Civil Procedure." It would be incongruous if the trial court did not have the power, inherent or otherwise under the statutes and rules applicable to civil actions, to discourage and sanction frivolous actions.

Accordingly, we hold that the action filed by appellant was of a civil nature and the trial court did not err in applying R.C. 2323.51.

This assignment of error is not well taken.

*Judgment affirmed.*

DYKE, C.J., JOHN F. CORRIGAN and PORTER, JJ., concur.