SHERCK, J.
Although I concur with the rest of the majority's opinion, I respectfully dissent on the issue of affirming frivolous conduct sanctions against appellant Jack Drummond and his attorney Stephen E. Cottrell.
The trial court found appellants' case against the bank legally groundless. When that is the basis of imposing sanctions, the issue is decided as a matter of law and an appellate court must review that determination de novo. Wiltberger v. Davis
(1996), 110 Ohio App.3d 46, 51; Lable Co. v. Flowers (1995),104 Ohio App.3d 227, 233.
Less clear is the exact standard we are to apply to determine whether a claim is unwarranted under existing law. R.C.2323.51 was enacted to eliminate harassing and vexatious litigation. Shaffer v. Mease (1991), 66 Ohio App.3d 400, 406. It prohibits conduct which, "* * * obviously serves to harass * * *," R.C. 2323.52(A)(2)(a), or, is "* * * not warranted by existing law * * *." R.C. 2323.51(a)(2)(b). Most of the reported cases arise under section (a). The cases in which sanctions have been imposed under section (b) are relatively few and seem limited to instances in which the court was clearly without jurisdiction or the claim could in no way be applied to the defendant. e.g. State ex relRussell v. Shaker Hts. Mun. Court (1993), 87 Ohio App.3d 511, (an attempt to obtain a writ of prohibition from a common pleas court is frivolous); Turowski v. Johnson (1990), 68 Ohio App.3d 704, (intoxicated motorist who lost control and struck a utility pole sued the utility company); Masturzo v. Revere Rd. Synagogue
(1994), 98 Ohio App.3d 347, (party refused to drop complaint after notified that the defendant no longer had any interest in the property at issue); Fridley v. Duty (1995), 69 Ohio Misc.2d 24, (insurer who contested liability in all claims solely to discourage suits.)
It seems to me that our touchstone in this matter is the policy we wish to pursue. We must balance the goal of deterring frivolous suits with the danger of having a chilling effect on legitimate complaints. I concur with the observation of Judge Donofrio in Richmond Glass Aluminum Corp. v. Wynn (Sept. 5, 1991), Columbiana App. No. 90-C-46, unreported, who noted that R.C. 2323.51, "* * * does not define frivolous conduct so as to include the assertion of a claim or defense which is not well grounded in fact * * *." Lawyers file suits and claims based on hypothesis and supposition every day. It is only when, during discovery or defending a motion for summary judgment, counsel discovers his or her suit is baseless, then continues to pursue it, does his or her conduct become frivolous. To hold otherwise, " * * * would have a chilling effect on legitimate advocacy by discouraging aggressive representation * * *." Id.
In this matter, appellant Jack Drummond and his attorney filed a claim based on a hypothesis which was not clearly antithetical to the facts as known at the time. They dismissed the claim when put to their proof by a summary judgment motion. I would not find this frivolous conduct.