[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Richard,* Slip Opinion No. 2018-Ohio-2696.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2696

THE STATE EX REL. WHITE, APPELLANT, *v.* RICHARD, WARDEN, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. White v. Richard,* Slip Opinion No. 2018-Ohio-2696.]

*Habeas corpus—Appeal from court of appeals' dismissal of petition dismissed as untimely.*

(No. 2018-1326—Submitted February 13, 2018—Decided July 11, 2018.)

APPEAL from the Court of Appeals for Madison County, No. CA2017-05-013.

_____

**Per Curiam.**

{¶ 1} This is a direct appeal from a judgment of the Twelfth District Court of Appeals that dismissed the petition for a writ of habeas corpus filed by appellant, Gregory White. The court of appeals dismissed the action because White had failed to include certain commitment papers with his petition. White later filed an

application for reconsideration, which the court of appeals denied. White purports to appeal both decisions to this court. We dismiss the appeal for lack of jurisdiction.

{¶ 2} White is a state prisoner serving sentences for multiple felony convictions. In 2004, he pleaded guilty to aggravated robbery and robbery, which resulted in a 10-year aggregate sentence. When he committed those offenses, he was on parole from an indefinite sentence of 19½ to 29½ years imposed in 1989 following convictions for, among other offenses, aggravated robbery. When he committed the 1989 offenses, he was on parole from an indefinite sentence of 7 to 25 years for a 1979 conviction for aggravated robbery. And at the time of his 1979 conviction, he was on parole from an indefinite sentence of 10 to 25 years for a 1969 conviction for armed robbery.

{¶ 3} In May 2017, White filed a petition for a writ of habeas corpus in the court of appeals. He alleged that all his sentences were to be served concurrently and that his maximum sentence expired in June 2014. Although he attached copies of the judgments showing his 1969, 1979, 1989, and 2004 convictions, he failed to attach any commitment papers relating to any parole grant, revocation, or termination.

{¶ 4} Appellee Warden Rhonda Richard moved to dismiss White's petition, arguing that it is procedurally defective and that his claim lacks merit. On July 27, 2017, the court of appeals granted the motion to dismiss because White had failed to attach all relevant commitment papers to his petition. On September 8, 2017, the court denied White's application for reconsideration. White purported to appeal both decisions to this court on September 20, 2017.[1]

{¶ 5} Under this court's rules, White needed to file his notice of appeal from the July 27, 2017 judgment by September 11, 2017. *See* S.Ct.Prac.R. 6.01(A)(1) and 3.03(A)(1). His notice of appeal, filed on September 20, 2017, was untimely.

_____

[1] On January 8, 2018, White filed a motion for appointment of counsel in this court. And on June 14, 2018, he filed a motion "for final adjudication of" the January 8 motion. We deny both motions.

We therefore dismiss the appeal for lack of jurisdiction. *See* S.Ct.Prac.R. 6.01(A)(3).

{¶ 6} That White filed an application for reconsideration and purports to appeal the court of appeals' judgment denying that application does not change the result. His habeas petition was an original civil action in the court of appeals. *See Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7. The Rules of Civil Procedure therefore applied in the proceedings below, *see State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988), and those rules do not allow applications for reconsideration of final judgments, *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus.

{¶ 7} This means that White's application for reconsideration is a nullity, as is the court of appeals' judgment denying that application. *Pendell* at 60. It follows that the court of appeals' September 8, 2017 judgment is not an appealable order. And although S.Ct.Prac.R. 7.01(A)(5) tolls the time for filing a jurisdictional appeal when an application for reconsideration has been filed in the court of appeals under App.R. 26(A)(1), neither rule applies to White's postjudgment filing. *See Pendell* at 60. Therefore, White's application for reconsideration cannot cure the untimeliness of his appeal.

Appeal dismissed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL, J., concurs in judgment only.

————————————

Gregory White, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellees.

————————————