[Cite as *State ex rel. Kelleys Island Local School Dist. Bd. of Edn. v. Ohio Dept. of Edn.*, 2024-Ohio-285.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel. The Kelleys Island School District Board of Education

      Appellant

v.

The Ohio Department of Education, et al.

      Appellees

Court of Appeals No. E-23-020

Trial Court No. 2021 CV 0351

**DECISION AND JUDGMENT**

Decided: January 26, 2024

* * * * *

Matthew John Markling, for appellant.

Dave Yost, Ohio Attorney General, and
Anthony J. Farris, Assistant Ohio Attorney General,
for appellee, Ohio Department of Education.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Kelleys Island Local School District Board of Education ("the board"), appeals the February 10, 2023 decision of the Erie County Court of Common Pleas dismissing its prohibition and mandamus claims against appellees, Ohio

Department of Education and the superintendent of public instruction (collectively "ODE").[1]  Although the trial court failed to rule on the merits of the prohibition claim, despite having jurisdiction over it, and incorrectly relied on res judicata to dismiss the mandamus claim, the errors were not prejudicial, so we affirm.

## I. Background and Facts

{¶ 2} The procedural facts that led to the board filing its petition for writs of prohibition and mandamus are generally not in dispute.  In 2013, the Erie County Court of Common Pleas, Juvenile Division ("juvenile court"), entered orders awarding legal custody of A.A. and T.A. to their grandmother.  The orders do not include a designation of the school district responsible for the cost of the children's educations, as required by R.C. 2151.362(A)(1).[2]  At the time of the custody order, the children's parents lived in

---

[1] Appellee, Perkins Local School District Board of Education ("Perkins"), was joined as a defendant in the trial court, and eventually sought judgment on the pleadings under Civ.R. 12(C).  The trial court granted Perkins's motion.  Although the board included the trial court's judgment entry on Perkins's 12(C) motion in its notice of appeal, it did not assign any errors related to the 12(C) judgment, and Perkins did not file a brief, despite counsel filing a notice of appearance.  We find that the board is not appealing any issues related to Perkins, and we confine our review to issues involving ODE.  *See* App.R. 12(A); App.R. 16(A).

[2] On October 3, 2023, new versions of R.C. 2151.362 and 3313.64 went into effect as part of an overhaul of ODE and the state board of education.  *See* 2023 Am.Sub.H.B. No. 33.  The new versions substitute "department of education and workforce" for "department of education" and "director of education and workforce" for "superintendent of public instruction"—shifting the power to make decisions under R.C. 2151.362 and 3313.64 to a newly-created agency—but are otherwise unchanged.  We presume that statutes apply prospectively unless the legislature expressly makes them retrospective.  R.C. 1.48.  The legislature did not make any of the changes to R.C. 2151.362 and

2.

the Perkins district. When the children were old enough, they enrolled in Perkins schools.

{¶ 3} In 2020, Perkins sent a letter to the state superintendent of public instruction claiming that it and the board disagreed on the district of residence for the children and asking the superintendent to resolve the disagreement, as provided for by R.C. 3313.64(K). It asked the superintendent to designate Kelleys Island as the children's district of residence because their parents were living on Kelleys Island. The gist of Perkins's request was that its communications with grandmother and the parents indicated that grandmother and the children lived in the Kelleys Island district, grandmother wanted the children to attend Kelleys Island schools, and the parents either resided in or were in the process of becoming residents of the Kelleys Island district, despite owning and occasionally staying at property in the Perkins district. Perkins's request prompted a flurry of strenuous objections from the board.

{¶ 4} In December 2020, the board apparently moved to intervene in the juvenile custody cases. According to the juvenile court's December 2020 judgment entries, which ODE included with the motion to stay that it filed in the trial court, the board wanted to intervene in the custody cases so that it "can ask the Court for a determination of responsible school district per R.C. 2151.362 * * *." However, the juvenile court

3313.64 (or any of the other education statutes) in 2023 Am.Sub.H.B. No. 33 retrospective, so we presume that these changes apply prospectively, and we refer only to the versions in effect before October 3, 2023.

3.

dismissed the motions, finding that it lacked jurisdiction over a custody matter involving children with married parents who reside together.

{¶ 5} In response, the board filed motions for reconsideration or transfer to the domestic relations division, which the juvenile court also denied.

{¶ 6} Following that, the board filed second motions for "RECONSIDERATION/CLARIFY [sic] OF THE RECORD," which included requests for the juvenile court to issue writs of mandamus and prohibition to ODE. In April 2021, the juvenile court again denied the board's motions.

{¶ 7} The board appealed the April 2021 judgment entries, but we dismissed the appeals because they were untimely (i.e., we found that the board should have appealed the juvenile court's December 2020 judgment entries determining that it did not have jurisdiction). *In re A.A.*, 6th Dist. Erie No. E-21-013 (July 28, 2021); *In re T.A.*, 6th Dist. Erie No. E-21-014 (July 28, 2021). The Ohio Supreme Court declined to hear the board's appeals. *In re A.A.*, 165 Ohio St.3d 1457, 2021-Ohio-4033, 176 N.E.3d 763; *In re T.A.*, 165 Ohio St.3d 1457, 2021-Ohio-4033, 176 N.E.3d 763.

{¶ 8} Meanwhile, according to a series of emails that ODE attached to its motion for summary judgment,[3] ODE agreed to wait until the juvenile court cases were resolved

---

[3] In its brief, the board argues that summary judgment was inappropriate because ODE's summary-judgment exhibits—including these emails—were not certified or incorporated into an affidavit, as required by Civ.R. 56(C) and (E). *Pollard v. Elber*, 2018-Ohio-4538, 123 N.E.3d 359, ¶ 21-22 (6th Dist.). Although this is true, ODE resolved the issue in its summary-judgment reply by attaching certified copies of court documents and

to decide Perkins's residency-change request. After the juvenile court denied the board's first motions for reconsideration, ODE moved forward with its residency-determination process. In the emails, which were sent between January and March of 2021, ODE's counsel explained that ODE was handling Perkins's request as a disagreement under R.C. 3313.64(K), not a change of district of residence under R.C. 2151.362(A). The board disagreed with ODE's assessment of Perkins's request and argued that ODE's position was contrary to its "District of Residence Change (DRC) Guidance Document" ("redetermination guidance"). There is nothing in the record explaining what happened with ODE's internal decision-making process from early March to mid-September 2021, when the board filed the case underlying this appeal. Nor is there anything indicating that the superintendent has decided the residency disagreement that Perkins submitted in October 2020.

{¶ 9} In September 2021, the board filed a verified complaint and petition seeking writs of prohibition and mandamus against ODE. The board alleged that (1) ODE

---

incorporating other documents into the affidavit of Jason Wagner, deputy chief legal counsel and records custodian for ODE. The record does not show that the board moved to strike ODE's exhibits or otherwise objected to ODE correcting its evidentiary errors, so it has forfeited this issue on appeal. *See Charlesgate Commons Condo. Assn. v. W. Reserve Group*, 6th Dist. Lucas No. L-14-1039, 2014-Ohio-4342, ¶ 13 ("[W]hen a new argument is presented in a reply brief, the non-moving party should move to strike the reply or be allowed to file a surreply."); *U.S. Bank Trust, N.A. v. Edmon*, 6th Dist. Erie No. E-17-048, 2018-Ohio-2987, ¶ 20-21 ("Here, the record reflects that appellant did not file a surreply or move to strike the reply brief or additional affidavits filed by appellee in support of its motion for summary judgment. Consequently, appellant is precluded from now raising the challenge on appeal.").

patently and unambiguously lacked jurisdiction to issue a redetermination of the children's residency under R.C. 2151.362(A)(2) because the juvenile court never issued an initial determination under R.C. 2151.362(A)(1); (2) by ignoring the process in R.C. 2151.362(A), ODE was "usurping" the power of the judicial branch; (3) ODE was violating R.C. Chapter 119 by not following its redetermination guidance or affording the board notice and a hearing; (4) the board will suffer "approximately $300,000.00, if not more * * *" in damages each year that it is responsible for the cost of the children's education; and (5) the board had "exhausted all other remedies * * *." The board asked the trial court to

> (1) declare that the ODE has no authority to change the any [sic] residency determination regarding A.A. and T.A. to any school district other than Perkins; (2) require the ODE to follow the two-part statutory residency adjudication process established by the Ohio General Assembly in R.C. 2151.362(A)(l) and R.C. 2151.362(A)(2); [and] (3) require the ODE to follow the due process rights granted to the Kelleys Island Board in R.C. Chapter 119 prior to the ODE issuing residency re-determination adjudications * * *.

{¶ 10} At ODE's request, the trial court stayed this case pending the Supreme Court's decision to accept or decline jurisdiction over the juvenile court appeals. After the Supreme Court declined jurisdiction in November 2021 and the trial court reinstated

6.

the case, ODE moved to dismiss the prohibition claim for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) and for summary judgment on the mandamus claim. In its motion, ODE argued that the trial court did not have jurisdiction to issue a writ of prohibition; the board's mandamus claim was barred by res judicata; and if res judicata did not apply, the mandamus claim failed because the plain language of the statutes showed that R.C. 3313.64(K) applied and school districts cannot enforce due process rights against the state.

{¶ 11} In its response to ODE's motion, the board argued that ODE was relying on improper evidence; it did not have an opportunity to obtain the evidence it needed for its case; issues of fact remained because ODE relied on improper evidence; the trial court had jurisdiction to issue a writ of prohibition; the board met the requirements for writs of prohibition and mandamus to issue; res judicata did not apply because a valid final judgment on the merits of the issue did not exist; assuming that the provisions of R.C. 2151.362 and 3313.64 conflicted, R.C. 2151.362 controlled; and the board had due process rights that ODE was violating by not following the redetermination guidance and not providing notice and a hearing. The board also filed a motion for a continuance to permit discovery under Civ.R. 56(F).

{¶ 12} On February 10, 2023, the trial court issued its decision granting ODE's motion for summary judgment, dismissing the board's complaint and petition for writs of prohibition and mandamus, and denying the board's Civ.R. 56(F) motion. In doing so,

7.

the court determined that ODE's evidence (as resubmitted with its reply memorandum) was properly before it and within the bounds of Civ.R. 56. The court also found that the board provided "absolutely no indication of the sort of relevant facts it wants to discover" before the court decided the summary judgment motion, the parties' dispute had been going on for more than two years, and the board's filings belied its need for additional discovery. Accordingly, the court denied the board's Civ.R. 56(F) motion.

{¶ 13} Regarding the residency statutes, the trial court explained that R.C. 3313.64 is the statute that school districts use to determine which students are entitled to free schooling, and that a student's residence is determined using the criteria in the statute, regardless of whether the residency determination is made under R.C. 2151.362(A) or 3313.64(K). If districts disagree, R.C. 3313.64(K) provides that the superintendent of public instruction will make the decision. The court characterized R.C. 2151.362(A) as an "exception" to the general rules in R.C. 3313.64, which allows the juvenile court to determine the district that must pay for a student's education. When a juvenile court determines a responsible district under R.C. 2151.362(A)(1), the superintendent cannot use R.C. 3313.64(K) to name a responsible district because doing so might violate the court order. The trial court saw R.C. 2151.362(A)(2) as solving the problem by explicitly allowing the superintendent to change the district of residence determined by the juvenile court.

8.

**{¶ 14}** The trial court went on to find that the board did not provide any authority to support its argument that R.C. 3313.64(K) somehow "'circumvents the legal mandates' of * * * [or] 'applies as an unwritten administrative loophole * * *'" around R.C. 2151.362(A), and determined that the board's argument that "unless and until the juvenile court amends its 2013 judgment entry * * * both Perkins and ODE are powerless to make any changes in the responsible school district" was meritless.

**{¶ 15}** Regarding the board's arguments about due process and ODE failing to follow the redetermination guidance, the trial court found that the redetermination guidance dealt with changes of residence under R.C. 2151.362(A)(2), not proceedings under R.C. 3313.64(K)—the statute that applied to this case—so the redetermination guidance was not relevant to ODE's determination. The court also determined that the board did not explain, specifically, what due process right it was being deprived of and that one state agency does not have constitutional due process rights when dealing with another state agency. It also pointed out that the board could "exercise whatever R.C. Chapter 119 rights that it has, if any" after the superintendent issued a decision on the children's residence.

**{¶ 16}** The court concluded that it did not have jurisdiction to issue a writ of prohibition, and the board's mandamus claims were barred by res judicata because it had "thoroughly argued its claims for a writ of mandamus before the Erie County Common Pleas Juvenile Court."

9.

**{¶ 17}** The board now appeals, raising three assignments of error:

A. The Trial Court erred in dismissing the requested writs of prohibition and mandamus as (1) the Ohio Department of Education was about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law[.]

B. The Trial Court erred in dismissing the requested writ of mandamus as res judicata does not apply in this case[.]

C. The Trial Court erred in dismissing the requested writs of prohibition and mandamus as genuine issues of material fact remain to be litigated[.]

## II. Law and Analysis

### A. The trial court had subject-matter jurisdiction over the prohibition claim.

**{¶ 18}** In its first assignment of error, the board argues that the trial court erred by dismissing its request for a writ of prohibition against ODE because ODE was about to exercise quasi-judicial power, its exercise of power was unauthorized by law, and without the writ, the board would suffer injury for which no adequate remedy exists in the ordinary course of the law. The board does not address the issue of the trial court's jurisdiction over the prohibition claim in its merit brief, but in its reply brief, it argues

10.

that jurisdiction was proper in the trial court because a common pleas court is a court of general jurisdiction that has subject-matter jurisdiction over all justiciable matters.

{¶ 19} In its brief, ODE raises the issue of the trial court's subject-matter jurisdiction over the prohibition claim. It argues that the trial court correctly dismissed the prohibition claim because "[c]ommon pleas courts do not have subject matter jurisdiction to grant relief in prohibition." ODE also argues that the prohibition claim fails on its merits because its actions were neither quasi-judicial nor unauthorized by law.

{¶ 20} We review a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction de novo. *Dargart v. Ohio Dept. of Transp.,* 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608, ¶ 12 (6th Dist.). The standard for dismissal under Civ.R. 12(B)(1) is whether the complaint raises "any cause of action cognizable by the forum * * *." *State ex rel. Bush v. Spurlock,* 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 21} The Ohio Constitution, Article IV, Section 4(B), gives common pleas courts "such original jurisdiction over all justiciable matters * * * as may be provided by law." The Ohio Supreme Court has interpreted this provision to mean that the common pleas courts' subject-matter jurisdiction—i.e., their power to "entertain and adjudicate a particular class of cases"—is defined entirely by statute. *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19; *Highland Tavern, LLC v. DeWine,* Slip Opinion No. 2023-Ohio-2577, --- N.E.3d ----, ¶ 22. In other words, "the jurisdiction of the common pleas courts is limited to whatever the legislature may choose

11.

to bestow." *Cent. Ohio Transit Auth. v. Transport Workers Union of Am., Local 208*, 37 Ohio St.3d 56, 60, 524 N.E.2d 151 (1988), citing *State ex rel. Miller v. Keefe*, 168 Ohio St. 234, 152 N.E.2d 113 (1958), paragraph one of the syllabus.

{¶ 22} The General Assembly has defined common pleas courts' jurisdiction by giving them "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." R.C. 2305.01. Thus, "[a] common pleas court is a court of general jurisdiction, with subject-matter jurisdiction that extends to all matters at law and in equity that are not denied to it." (Internal quotations omitted.) *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 7, citing *Kuchta* at ¶ 20; and *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891). This general grant of jurisdiction means that "a court of common pleas has jurisdiction over any case in which the matter in controversy exceeds the jurisdictional limit unless some statute takes that jurisdiction away." *Id.* at ¶ 9. For example, a statute vesting a specific court or commission with exclusive jurisdiction over a matter divests the common pleas court of its general subject-matter jurisdiction. *Id.* (citing cases).

{¶ 23} Although the General Assembly has enacted legislation regarding some extraordinary writs (e.g., writs of mandamus in R.C. Chapter 2731 and writs of habeas corpus in R.C. Chapter 2725), it has not enacted legislation regarding writs of prohibition. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002

12.

(1998) ("[N]either the Constitution nor the General Assembly has defined the parameters of prohibition."). Nor is there any specific statutory provision preventing the common pleas courts from exercising jurisdiction over prohibition actions. Further, although the courts of appeals and the Supreme Court each have original jurisdiction over writs of prohibition—i.e., they can issue decisions on petitions for writs independent of an appeal—they do not have *exclusive* jurisdiction. Ohio Constitution, Article IV, Sections 2(B)(1)(d) and 3(B)(1)(d); *compare* R.C. 2733.03 (limiting jurisdiction over quo warranto actions by mandating that "[a]n action in quo warranto can be brought only in the supreme court, or in the court of appeals * * *"). Thus, we conclude that neither the constitution nor the legislature has taken subject-matter jurisdiction over prohibition actions from the common pleas courts, so a common pleas court is not precluded from hearing a prohibition case.

{¶ 24} However, despite having subject-matter jurisdiction, a common pleas court issuing or attempting to issue a writ of prohibition seems to be rare. Indeed, we were unable to find many cases addressing the issue beyond the three cases that the parties cited, i.e., *Miller*, 168 Ohio St. 234, 152 N.E.2d 113; *State ex rel. Bernges v. Common Pleas Court*, 23 Ohio App.2d 89, 260 N.E.2d 839 (1st Dist.1970); and *State ex rel. Russell v. Shaker Hts. Mun. Court*, 87 Ohio App.3d 511, 622 N.E.2d 697 (8th Dist.1993). Although each of these cases found that a common pleas court could not issue a writ of prohibition, they are each distinguishable.

13.

{¶ 25} In *Miller*, the relator filed a prohibition petition in a common pleas court asking the court to prohibit a municipal court from trying a criminal case. *Miller* at 234. The Supreme Court specifically held that "[t]he Court of Common Pleas does not, in the absence of statutes conferring it, have original jurisdiction in prohibition." *Id.* at paragraph two of the syllabus. The court has never explicitly overruled this decision. Regardless, it is inapplicable to the board's case because it was decided under an older version of the Ohio Constitution that conferred narrower jurisdiction on common pleas courts because it did not grant those courts "general common-law jurisdiction * * *." *Id.* at 237.

{¶ 26} Before the Ohio Constitution was amended in 1968, Article IV, Section 4, read, in its entirety, "The jurisdiction of the courts of common pleas, and of the judges thereof shall be fixed by law." Ohio Constitution, Article IV, Section 4 (former version in effect from Sept. 1, 1851 to May 7, 1968). Under this version of Article IV, Section 4, the Constitution "'confers no jurisdiction whatever upon [a court of common pleas], either in civil or criminal cases. It is given a capacity to receive jurisdiction in all such cases, but it can exercise none, until "fixed by law."'" *Miller* at 236-237, quoting *Stevens v. State*, 3 Ohio St. 453, 455 (1854). At the time, R.C. 2305.01 gave common pleas courts "'original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace * * *.'" *Id.* at 237. Despite this broad statutory grant of jurisdiction, the court found that the constitution did not "confer[]

14.

on the Court of Common Pleas general common-law jurisdiction, * * *" and prohibition was not a "civil action[.]" *Id.* at 237-238. Thus, because the legislature had not enacted statutes granting common pleas courts jurisdiction over prohibition actions, and common pleas courts' "jurisdiction in an original proceeding does not exist in the absence of statutes conferring it[,]" the court concluded that the common pleas court in the underlying case did not have jurisdiction to issue the writ of prohibition. *Id.* at 239.

{¶ 27} The current version of the constitution seems to have fixed the jurisdictional problem at issue in *Miller.* Article IV, Section 4(B), now gives courts of common pleas "*original jurisdiction over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added.) The Supreme Court has determined that this provision, combined with the broad, general grant of jurisdiction over civil cases in R.C. 2305.01, means that a common pleas court is entirely without subject-matter jurisdiction over a class of cases only when a statute explicitly removes the court's jurisdiction, for example, by granting exclusive jurisdiction to another court or agency. *See, e.g., Ohio High School Athletic Assn.*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, at ¶ 9; *State ex rel. Gray v. Kimbler*, 169 Ohio St.3d 424, 2022-Ohio-3937, 205 N.E.3d 494, ¶ 15, citing *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 29. Prohibition is a "civil action," so it falls within the jurisdictional parameters of R.C. 2305.01, which grants common pleas courts jurisdiction over "all civil cases" that exceed

15.

the amount over which municipal courts have exclusive, original jurisdiction. *State ex rel. Hare v. Russell*, 1st Dist. Hamilton No. C-210344, 2022-Ohio-1932, ¶ 4.

{¶ 28} Considering the changes in the constitution since *Miller* was decided, we think that it is no longer controlling law regarding common pleas courts' subject-matter jurisdiction over prohibition actions. Specifically, the 1968 amendment resolved the lack of "general common-law jurisdiction" that the *Miller* court believed was necessary for prohibition to be within the common pleas courts' jurisdiction. *Miller* at 237 ("If the Constitution of Ohio conferred on the Court of Common Pleas general common-law jurisdiction, we would be inclined to agree with counsel and to hold that such jurisdiction included that necessary to issue a writ of prohibition.").

{¶ 29} Regarding the other cases, despite deciding these cases after the 1968 amendments to Article IV, Section 4, each court found that common pleas courts lacked the authority to issues writs of prohibition. In *Bernges*, 23 Ohio App.2d at 90, 260 N.E.2d 839, the First District reached its conclusion by summarily conflating *original* jurisdiction with *exclusive* jurisdiction. That is, the court found that the common pleas court did not have subject-matter jurisdiction over a prohibition action because "such jurisdiction [is] reserved to the Supreme Court and the Courts of Appeals by Section 2 and 3, respectively, of Article IV of the Constitution of the state of Ohio." *Id.* However, although Section 2(B)(1)(d) grants the Supreme Court "original jurisdiction in * * * [p]rohibition[,]" and Section 3(B)(1)(d) grants the courts of appeals "original jurisdiction

16.

in * * * [p]rohibition[,]" neither section grants either court exclusive jurisdiction over prohibition actions.

{¶ 30} Critically, *original* jurisdiction and *exclusive* jurisdiction are not the same. *See, e.g., In re Black*, 36 Ohio St.2d 124, 125-127, 304 N.E.2d 394 (1973) (explaining that juvenile courts have original jurisdiction over habeas corpus cases involving child custody, which they share with the Supreme Court and appeals courts, but their jurisdiction is exclusive only in relation to common pleas courts and probate courts). Contrary to the First District's decision, the constitution does not limit prohibition jurisdiction solely to the higher courts. Ohio Constitution, Article IV, Sections 2(B) and 3(B); *see also State ex rel. Auto-Owners Ins. Co. v. Wortham*, 176 Ohio App.3d 611, 2008-Ohio-2873, 893 N.E.2d 209, ¶ (2d Dist.) (reversing, without discussing lower court's subject-matter jurisdiction, common pleas court's dismissal of prohibition petition against city's human relations council because council lacked jurisdiction to proceed with its discrimination complaint against relator); *compare* R.C. 2733.03 (limiting jurisdiction over quo warranto actions exclusively to the Supreme Court and courts of appeals).

{¶ 31} In *Russell*, 87 Ohio App.3d at 513, 622 N.E.2d 697, the Eighth District found that appellant filing a prohibition action in the common pleas court was frivolous conduct under R.C. 2323.51 because he pursued the writ after appellee raised the issue of the common pleas court's jurisdiction. The court cited *Miller*, *Bernges*, and Sections 2(B) and 3(B) to support its finding that the common pleas court lacked jurisdiction

17.

because it was not statutorily granted jurisdiction over prohibition actions, and prohibition is properly sought in the Supreme Court or a court of appeals because those courts have original jurisdiction in prohibition. *Id.* But, as we have discussed, the current version of Article IV, Section 4, and recent Supreme Court caselaw support a more expansive definition of common pleas courts' jurisdiction, and original jurisdiction does not necessarily equal exclusive jurisdiction.

{¶ 32} In short, we find that the earlier cases determining that a common pleas court does not have jurisdiction over prohibition actions are inapplicable to the board's petition in this case. Thus, the board raised a claim cognizable in the trial court, and the trial court erred in finding that it lacked jurisdiction to decide the board's prohibition claim.

## B. The prohibition claim was nonetheless properly dismissed.

{¶ 33} Although the trial court incorrectly determined that it lacked jurisdiction over the prohibition claim, this error did not prejudice the board because, as explained below, the board cannot prevail on its prohibition claim as a matter of law.

{¶ 34} An appellate court only has jurisdiction to review, affirm, modify, set aside, or reverse lower court judgments that are based on the lower court's commission of prejudicial errors. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02(C). An appellate court cannot reverse a lower court decision that is legally correct even if it is a result of erroneous reasoning (i.e., when it achieves the right result for the wrong reason)

18.

because the error is not prejudicial.  *Brown v. State*, 2019-Ohio-4376, 147 N.E.3d 1194, ¶ 41 (6th Dist.), citing *Toledo v. Schmiedebusch*, 192 Ohio App.3d 402, 2011-Ohio-284, 949 N.E.2d 504, ¶ 37 (6th Dist.); and *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999), fn. 3.  This rule applies when the trial court erroneously dismisses a case for lack of subject-matter jurisdiction (i.e., it does not reach the merits of the underlying claim), but the underlying claim fails as a matter of law.  *Hassey v. Columbus*, 2018-Ohio-3958, 111 N.E.3d 1253, ¶ 33 (10th Dist.) (affirming trial court's decision—despite its error in finding that it lacked subject-matter jurisdiction and its consequent refusal to consider the merits of the case—because appellant could not show that the plain language of a collective bargaining agreement applied to him).

{¶ 35} A writ of prohibition is an "extraordinary remedy that is granted in limited circumstances with great caution and restraint."  *State ex rel. Corn v. Russo,* 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001).  To be entitled to a writ of prohibition, the relator must establish that "(1) [the respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law."  *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052 50 N.E.3d 524, ¶ 7.  A writ of prohibition will not issue if the relator has an adequate remedy in the ordinary course of law.  *Id.* at ¶ 8.  To be adequate, an alternate remedy must be complete, beneficial, and speedy.  *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 1,

19.

2006-Ohio-4334, 854 N.E.2d 1025, ¶ 37 ("*Evans I*"). When the respondent patently and unambiguously lacks jurisdiction to act, the relator need not show the lack of an adequate, alternate remedy. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 36} Here, the board has not shown that the superintendent of public instruction patently and unambiguously lacks the authority to settle the residency dispute between it and Perkins. On its face, R.C. 3313.64(K) gives the superintendent the authority to determine residency disagreements between school districts. *See Forest Hills Local School Dist. Bd. of Edn. v. Huegel*, 12th Dist. Clermont No. CA2002-07-050, 2003-Ohio-3444, ¶ 11, fn. 1 (The statute "clearly requires that a residency dispute for school purposes be determined by the state superintendent."). And nothing in R.C. 2151.362(A) explicitly precludes the superintendent from making a determination about a child's residency in accordance with the rules laid out in R.C. 3313.64. Thus, we cannot say that ODE patently and unambiguously lacks jurisdiction. *See State ex rel. Drouhard v. Morrow Cty. Bd. of Commrs.*, 161 Ohio St.3d 357, 2020-Ohio-4160, 163 N.E.3d 518, ¶ 29 (because the statute governing removal of appointed members of hospital board did not specify how members of the appointing authority were to schedule removal hearings or decide on removal, board of county commissioners, which made up the majority of the appointing authority, did not patently and unambiguously lack authority to schedule a removal hearing); *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855,

20.

45 N.E.3d 971, ¶ 15, 17 (When a trial court "arguably has jurisdiction" pursuant to statute, "[a]ny lack of jurisdiction is not patent and unambiguous.").[4]

{¶ 37} Because the superintendent of public instruction does not patently and unambiguously lack the authority to settle the residency dispute, the board must demonstrate that it lacks an adequate remedy in the ordinary course of law. The board cannot make this showing, as a matter of law, because an action for a declaratory judgment, provided for in R.C. Chapter 2721, combined with a prohibitory injunction (as opposed to a mandatory injunction) is an adequate remedy in the ordinary course of law that precludes a writ of prohibition. *Evans I* at ¶ 38.

{¶ 38} A declaratory judgment action can "declare rights, status, and other legal relations * * *" between parties. R.C. 2721.02(A). The purpose of a declaratory judgment is "to dispose of 'uncertain or disputed obligations quickly and conclusively' * * *." *Mid-Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8, quoting *Ohio Farmers Indemn. Co. v. Chames*, 170 Ohio St. 209, 213, 163 N.E.2d 367 (1959). "A prohibitory injunction preserves the status quo by enjoining a defendant from performing the challenged acts in the future." *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 12. A

---

[4] To be clear, we are not definitively determining the issue of ODE's jurisdiction to decide the underlying residency dispute, nor do we address the legal impact of any decision that ODE may ultimately reach in the residency dispute. We simply note that the lack of jurisdiction—if any—is not patent and unambiguous.

*prohibitory* injunction is different from a *mandatory* injunction. "The difference between the two forms of relief is simple: 'a prohibitory injunction is used to prevent a future injury, but a mandatory injunction is used to remedy past injuries.'" *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809, ¶ 10, quoting *Gen. Motors Corp.* at ¶ 12.

{¶ 39} Distinguishing between the two types of relief requires us to examine the complaint to see if it actually seeks to prevent—not compel—some official action. *Id.*, citing *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20; and *State ex rel. Smith v. Indus. Comm.*, 139 Ohio St. 303, 306, 39 N.E.2d 838 (1942). More specifically, we must consider the allegations in the complaint and petition to determine whether the board is seeking to prevent ODE from doing something to avoid future injury—in which case prohibition is inappropriate—or to compel ODE to do something to remedy a past injury—in which case the board lacks an adequate remedy in the ordinary course of the law. *See id.* (applying this analysis to a mandamus claim).

{¶ 40} In its complaint and petition, the board repeatedly asks the trial court to (1) declare that ODE lacks authority to alter the children's residence, (2) require ODE to comply with R.C. 2151.362(A), and (3) require ODE to grant the board the due process protections in R.C. Chapter 119 before changing the children's residence. Although the board framed its requests in terms of requiring or compelling ODE to do something, it actually sought a ruling from the trial court about the interplay of R.C. 2151.362(A) and

22.

3313.64(K)—i.e., a declaratory judgment—along with orders preventing ODE from making any decision that would change where the children reside for purposes of funding their educations—i.e., a prohibitory injunction. In other words, ODE has not yet done anything to cause injury to the board, so the board is seeking to prevent a future harm.

{¶ 41} Here, the board's complaint and petition are in the nature of a declaratory judgment regarding the interpretation of R.C. 2151.362(A) and 3313.64(K) and a prohibitory injunction against ODE. This means that the board has an adequate remedy in the ordinary course of law through a declaratory judgment action. And because an adequate remedy in the ordinary course of law exists, the board is not entitled to a writ of prohibition as a matter of law. *Smith*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, at ¶ 7. Therefore, we find that the trial court's error in determining that it lacked subject-matter jurisdiction was not prejudicial, so we cannot reverse the trial court's decision to dismiss the prohibition claim. Accordingly, the board's first assignment of error is not well-taken.

### C. Res judicata does not apply to the mandamus claim.

{¶ 42} In its second assignment of error, the board contends that the trial court erroneously dismissed its mandamus claim based on res judicata. It argues that no court has ever issued a valid, final judgment on the merits of its mandamus complaint.

{¶ 43} In response, ODE argues that the board sought writs of prohibition and mandamus in the juvenile court alleging issues identical to the ones it raised in this case.

23.

Because the juvenile court already decided these claims, ODE contends, the board is precluded from litigating these issues again.

**{¶ 44}** Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. Application of res judicata requires four things: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5.

**{¶ 45}** "Res judicata 'presupposes a judgment entered by a court of competent jurisdiction.'" *State ex rel. Cordray v. Marshall,* 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 38, quoting *State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.,* 91 Ohio St.3d 453, 455, 746 N.E.2d 1103 (2001). Thus, when a court does not have subject-matter jurisdiction to determine the merits of a case, dismissal by the court lacking jurisdiction is not res judicata to future cases. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 11. Of importance in this case, a trial court generally loses jurisdiction over a case after issuing its final order. *Caterpillar Fin. Servs. Corp. v. Tatman*, 2019-Ohio-2110, 137 N.E.3d 512, ¶ 18 (4th Dist.); *Allstate Ins.*

24.

*Co. v. Witta*, 9th Dist. Summit No. 25738, 2011-Ohio-6068, ¶ 9 ("This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void."). This is why a motion for reconsideration of a trial court's final decision is a nullity, as is a judgment entry resulting from the motion for reconsideration. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380-381, 423 N.E.2d 1105 (1981); *State ex rel. White v. Richard*, 153 Ohio St.3d 277, 2018-Ohio-2696, 104 N.E.3d 770, ¶ 7.

{¶ 46} Here, when the board moved to intervene in the custody cases, the juvenile court determined that it did not have jurisdiction over the cases because the children's parents were still married and living together. Rather than appealing those decisions, the board filed two motions for reconsideration in each case. The second motion in each case included the board's request for writs of prohibition and mandamus. The juvenile court's April 2021 judgment entries (which purported to reconsider the court's earlier denial of the board's motions to intervene) addressed the merits of the board's prohibition and mandamus motions and denied both. However, as we explained when the board appealed from the April 2021 judgment entries, the juvenile court's December 2020 decisions finding that it did not have jurisdiction were final orders that the board should have appealed from. *A.A.*, 6th Dist. Erie No. E-21-013; *T.A.*, 6th Dist. Erie No. E-21-014. Therefore, both the board's motions for reconsideration and the juvenile court's decisions on those motions were nullities. *Pitts* at 380-381; *White* at ¶ 7. In other words, the

25.

juvenile court did not have jurisdiction over the custody cases when it issued the April 2021 judgment entries, so those entries do not constitute valid, final judgments for res judicata purposes, and res judicata does not apply to bar the board's mandamus claim in this case.

{¶ 47} Although the trial court erred by using res judicata to dismiss the mandamus claim, this error did not prejudice the board. As we explain below, under the board's third assignment of error, the trial court properly granted summary judgment on the mandamus claim, and we cannot reverse a lower court decision that arrives at the right result for the wrong reason because the error is not prejudicial. *Brown*, 2019-Ohio-4376, 147 N.E.3d 1194, at ¶ 41. Because the trial court correctly dismissed the mandamus claim, any incorrect reasoning did not prejudice the board, and we cannot reverse the decision. Accordingly, the board's second assignment of error is not well-taken.

**D. The trial court properly granted summary judgment on the mandamus claim.**

{¶ 48} Finally, in its third assignment of error, the board argues that the trial court incorrectly granted summary judgment on its mandamus claim because genuine issues of material fact are still in dispute. The board contends that ODE's evidentiary materials are outside the scope of Civ.R. 56(C); the only evidence properly before the trial court was the board's affidavits, which do not support summary judgment; and the board was not

"given a reasonable opportunity to present all materials pertinent to oppose a motion for summary judgment * * *."

{¶ 49} In response, ODE argues that the board did not point to genuine issues of material fact in response to the summary judgment motion, it submitted proper evidence to the trial court, and the trial court did not err by denying the board's motion for a continuance pending discovery.

{¶ 50} We review summary judgment de novo using the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving
>
> party is entitled to judgment as a matter of law; and (3) that reasonable
>
> minds can come to but one conclusion, and that conclusion is adverse to the
>
> party against whom the motion for summary judgment is made, who is
>
> entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 51} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that

27.

demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶ 52} A writ of mandamus is an "extraordinary remedy" that requires a relator to show (1) a clear legal right to the requested relief, (2) a clear legal duty on respondents' part to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. A writ of mandamus will not issue when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05.

{¶ 53} The board's complaints under this assignment of error relate to the facts underlying the parties' dispute. The facts are largely immaterial to our resolution of this

28.

assignment of error, however, because the board is not entitled to a writ of mandamus as a matter of law.

{¶ 54} As with prohibition claims, declaratory judgment is also an adequate remedy that precludes mandamus when the allegations in the petition indicate that the petitioner is actually seeking declaratory judgment and a prohibitory injunction. *Gadell-Newton*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809, at ¶ 9 ("If the allegations of a complaint indicate that the real objects sought are a declaratory judgment and a *prohibitory* injunction, then the complaint does not state a claim in mandamus * * *." (Emphasis sic.)). In contrast, if a mandamus petition actually seeks a declaratory judgment and a mandatory injunction, a declaratory judgment action, standing alone, would be an insufficient remedy and would not preclude the issuance of a writ of mandamus. *Id.*, quoting *State ex rel. Arnett v. Winemiller*, 80 Ohio St.3d 255, 259, 685 N.E.2d 1219 (1997) ("However, 'where declaratory judgment would not be a complete remedy unless coupled with extraordinary relief in the nature of a *mandatory* injunction, the availability of declaratory judgment does not preclude a writ of mandamus.'" (Emphasis sic.)).

{¶ 55} As we discussed in relation to the prohibition petition, the board's complaint and petition are in the nature of a declaratory judgment regarding the interpretation of R.C. 2151.362(A) and 3313.64(K) and a prohibitory injunction against ODE. This means that the board has an adequate remedy in the ordinary course of law

29.

through a declaratory judgment action. And because an adequate remedy in the ordinary course of law exists, the board is not entitled to a writ of mandamus as a matter of law. *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 23 (petitioners were not entitled to mandamus because they essentially sought a declaration that respondents' conduct was illegal and an injunction to prevent respondents from continuing the conduct in the future).

{¶ 56} Because the board was not entitled to a writ of mandamus as a matter of law, the trial court correctly granted summary judgment to ODE, albeit for the wrong reason. The board's third assignment of error is not well-taken.

### III. Conclusion

{¶ 57} Based on the foregoing, the February 10, 2023 decision of the Erie County Court of Common Pleas is affirmed. The board is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

State of Ohio, ex rel. The Kelley's Island
School District Board of Education
v. The Ohio Department of Education, et al.
E-23-020

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
Myron C. Duhart, J.                                                    JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.